OLIVER PRESCOTT & others *vs.* THOMAS DURFEE & another.

Bristol.   October 25. — 31, 1881.   MORTON & ALLEN, JJ., absent.

Under the Gen. Sts. *c.* 117, § 2, the Probate Court has jurisdiction, upon the petition of a creditor, to grant administration of the estate of a person who dies a resident of another State, leaving only real estate in this Commonwealth, although his estate is solvent, and an administrator has been appointed in the State where he resided.

APPEAL from a decree of the Probate Court, appointing Wendell H. Cobb administrator of the estate of Zoeth S. Durfee, upon the petition of the executors of the will of Edward L. Baker.   The case was heard upon the following agreed facts :

In 1877 Edward L. Baker brought an action, upon a written contract, against Zoeth S. Durfee, in the Superior Court for Bristol County, and attached his real estate in said county. Durfee formerly lived in New Bedford, but at the time the action was brought, and afterwards up to the time of his death, had his domicil in the State of New York.   Durfee appeared and defended the action, and it was prosecuted until the death of Baker, about three years ago.   His executors came in and carried on the action until the death of Durfee.   The action is still pending, but no proceedings have been had therein since the entry of the defendant's appearance in 1877, except the appearance of Baker's executors and the suggestion of Durfee's death.   Some part of the demand in suit is due, but the amount is in dispute.   The value of the real estate in New Bedford belonging to Durfee at his decease was about $3000.   There is and has been since his death no personal estate of his in this Commonwealth, and no other assets of his estate except said real estate.   His estate is in course of settlement in the State of New York, and is entirely solvent, the personal property being more than sufficient to pay all debts.   Administrators were appointed and qualified in New York on September 20, 1880, and are still discharging their trust.   No application to them for the payment of this debt has ever been made by the petitioners.   The appellants are the sole heirs at law of Durfee as to his real estate in this Commonwealth and the administrator of Durfee's estate in New York.

*Morton*, J. affirmed the decree of the Probate Court; and the appellants appealed to the full court.

*O. Prescott*, for the petitioners, was stopped by the court.

*C. W. Clifford & F. C. S. Bartlett*, for the appellants.

GRAY, C. J. The Probate Court has jurisdiction to grant administration of the estate of any person who dies without the State, leaving estate to be administered within the county, whether such estate is personal property, or is real estate, liable in case of necessity to be sold for payment of his debts, and which, like personal property within the Commonwealth, cannot be sold and administered except by an administrator appointed here. The object of appointing an administrator is not to determine the rights of parties interested in that estate, but to have a legal representative of the estate of the deceased within the Commonwealth, against or through whom those rights may be asserted. Gen. Sts. *c.* 117, § 2; *c.* 102, § 1. *Bowdoin* v. *Holland*, 10 Cush. 17. *Pinney* v. *McGregory*, 102 Mass. 186, 193. *Merrill* v. *New England Ins. Co.* 103 Mass. 245, 249. *Parsons* v. *Spaulding*, 130 Mass. 83.

In the very case of *Livermore* v. *Haven*, 23 Pick. 116, on which the appellants rely, administration had been granted in this Commonwealth of the estate of a citizen of Louisiana, who left a large amount of personal property in that State, and nothing but real estate in this Commonwealth; and the only point contested or decided was that the administrator appointed here, having previously been appointed executor in Louisiana, and having as such received sufficient personal property to pay debts, should not in the discretion of the court be allowed to sell real estate for that purpose. *Decree affirmed.*