GEORGE J. DONAHER & others *vs.* JAMES H. FLINT, Judge of Probate.

Norfolk.    April 3, 1905. — June 23, 1905.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & BRALEY, JJ.

*Bond.    Guardian.*

It is no ground for reversing on error a judgment for the plaintiff in an action on a guardian's bond, brought in the name of a judge of probate, that at the time the judgment was entered the ward for whose benefit the action was brought was dead, and no executor or administrator of his estate has been appointed.

HAMMOND, J.    This is a writ of error brought to reverse a judgment rendered against the plaintiffs in error in an action upon a guardian's bond brought in the name of the judge of probate of Norfolk County under R. L. c. 149, § 29.   The alleged error is one of fact, namely, that at the time the judgment was rendered the ward, for whose benefit the action was brought, was dead and no executor or administrator of her estate ever was appointed; and the judgment therefore was void.

R. L. c. 149, § 29, provides that " Bonds given by guardians . . . may be put in suit by order of the Probate Court for the benefit of any person interested in the estate, and the proceedings in such actions shall be conducted in like manner as is provided relative to actions on bonds given by executors or administrators."   The method of bringing actions upon the bonds of executors and administrators is prescribed by §§ 20–23.   By an examination of these sections it is seen that there are two classes of actions upon such bonds, one where the person interested can bring the action without the permission of the judge of probate, and one where such permission must first be obtained.

The only persons who can bring an action without the permission of the judge are (1) a creditor who has recovered judgment against the executor or administrator and he has neglected on demand to pay or to show sufficient goods or estate to be taken upon execution (§ 20); (2) a creditor of an estate which has been represented insolvent, if the amount due him has been ascertained by a decree of distribution and the executor or administrator upon demand neglects to pay (§ 21); and (3), a person who is next of kin. He may bring an action to recover his share of the personal property after a decree of the Probate Court ascertaining the amount due him if the executor or administrator neglects upon demand to pay the amount (§ 22).

The second class of actions is defined in § 23, which provides that " if the Probate Court, upon the representation of any person interested in an estate, finds that the executor or administrator has failed in any manner not specified in the three preceding sections to perform the conditions of his bond, it may authorize any creditor, next of kin, legatee or other person aggrieved by such maladministration to bring an action on the bond." The distinction between these two classes was judicially noticed very early, (see *Glover* v. *Heath*, 3 Mass. 252,) and is recognized throughout R. L. c. 149. See §§ 26, 31, 32, 33.

It is provided in § 31, that in cases of the first class the execution shall be awarded for the use of the creditor or next of kin as the case may be, and in § 32 that he " shall be considered as the judgment creditor, and may cause the execution to be levied in his name and for his benefit, as if the action had been brought and the judgment recovered in his name."

On the other hand, as to actions of the second class, it is provided in § 31 that when the action is brought for a breach of the condition in not accounting for the estate as required by law, " execution shall be awarded, without expressing that it is for the use of any person, for the full value of all the estate of the deceased which has come to the hands of the executor or administrator and for which he does not satisfactorily account," and in § 33, that in such a case all money received on such an execution " shall be paid to the co-executor or co-administrator, if any, or to the person who is then the rightful executor or administrator, and shall be assets in his hands to be administered according to law."

The original action was analogous to this second class of actions, and evidently such was the view of the Superior Court. *Choate* v. *Arrington*, 116 Mass. 552. The record shows that the jury found " for the plaintiff and assess damages in the sum of twelve hundred dollars," which was the penal sum named in the bond; and that upon the report of the assessor to whom the case had been referred to ascertain and report the sum for which execution should issue, and upon the agreement of the parties that judgment might be entered " for the plaintiff," for the sum found due by the assessor, the court, on September 6, 1894, " as per agreement of parties," entered up judgment, and it was " therefore considered by the court that the said James H. Flint, Judge of the Probate Court for the County of Norfolk recover against " the defendants the sum named by the assessor.

As was said by Wells, J. in *Choate* v. *Arrington*, 116 Mass. 552, 556, " the purpose of awarding the execution in this mode is to put the whole assets of the estate, not already disposed of and accounted for in a proper manner, into the control of the judge of the Probate Court, so that he may proceed with its settlement and direct the course of its further administration."

The Probate Court may at any time appoint a special administrator to receive from the officer the proceeds of the execution. The parties to the judgment being alive, it was not void because of the death of the ward. In *Glover* v. *Heath*, 3 Mass. 252, which was a writ of error to reverse a judgment rendered in an action brought in the name of the judge of probate upon the bond of an executor for not rendering his account, it was held that the judge of probate should have execution for the full amount of the personal estate although the error assigned was that two of the persons for whose use execution was awarded were dead at the time the judgment was rendered; and although the authority of this case has been shaken as to another point, ( *Coffin* v. *Jones*, 5 Pick. 61; *Paine* v. *Stone*, 10 Pick. 75,) still, in the point under consideration it seems never to have been questioned. In principle it is decisive of the present case.

The plaintiffs in error have cited to us the cases of *Johnson* v. *State*, 2 Houst. 378, and *McLaughlin* v. *Neill*, 3 Ired. 294. These cases doubtless rest upon the statute law of the respective States. So far as they are inconsistent with the

result to which we have come in this case, we cannot follow them.

There is a technical error in the record. The judgment for the amount of the penalty in the bond should have been entered before reference to the assessor. If necessary, judgment now could be entered *nunc pro tunc, Choate* v. *Arrington, ubi supra,* but as no complaint is made of this irregularity, and as there is no necessity for changing the matter, the

*Judgment is affirmed.*

*J. J. Feely & R. Clapp,* for the plaintiffs in error.

*J. E. Hannigan,* for the defendant in error.