ALFRED C. VINTON, administrator, *vs.* WILLIAM STORY
SARGENT.

Suffolk.    December 6, 1906. — April 2, 1907.

Present: KNOWLTON, C. J., HAMMOND, LORING, BRALEY, & RUGG, JJ.

*Probate Court.    Executor and Administrator.    Jurisdiction.*

The Probate Court for a county in this Commonwealth, in which a will has been
proved and a trustee thereunder having a usual place of business in that county
has been appointed, has jurisdiction under R. L. c. 137, § 1, c. 162, § 3, to appoint
an administrator of the estate of an intestate, whose domicil at the time of his
death was outside the Commonwealth, who was one of the beneficiaries of the
trust created by the will so proved and at the time of his death was entitled to
receive his share, he being a person who died "out of this Commonwealth
leaving estate to be administered within the county."

PETITION, filed in the Probate Court for the county of Suffolk
on August 4, 1905, for the appointment of the petitioner as
administrator of the estate of John Turner Sargent, who died
intestate on October 5, 1889, having last dwelt and had his
domicil at Hawks Park in the State of Florida, and who was
alleged to have left goods and estate in the county of Suffolk in
this Commonwealth remaining to be administered, the appoint-
ment being requested in writing by six persons alleged to be
the heirs at law of the intestate, one of them, William Story
Sargent, reserving the right to object to the jurisdiction of the
court.

The Probate Court made a decree appointing the administra-
tor in accordance with the prayer of the petition.    William
Story Sargent appealed.

On appeal the case came on to be heard upon the petition,
the appellant's objections to the decree of the Probate Court
and an agreed statement of facts, before *Hammond*, J., who re-
served it for determination by the full court.    The material
facts are stated in the opinion.

*F. E. Bradish*, for the appellant.

*A. C. Vinton*, pro se.

BRALEY, J.    Under R. L. c. 137, § 1, c. 162, § 3, the Probate
Court is given exclusive authority to grant letters of adminis-

tration upon the estate of any person who dies leaving property, either real or personal, to be administered within this jurisdiction. *Harrington* v. *Brown*, 5 Pick. 519. *Prescott* v. *Durfee*, 131 Mass. 477. In *Merrill* v. *New England Ins. Co.* 103 Mass. 245, 247, 248, it was said by Mr. Justice Wells that "a debt due to the intestate from any party having a domicil in this State, or any demand or right, requiring legal authority for its enforcement, is sufficient to give jurisdiction for such an appointment."

The intestate although domiciled elsewhere was one of the beneficiaries under a trust created by the will of Christiana K. Sargent, which had been admitted to probate by the Probate Court for the county of Suffolk, and a trustee had been appointed by that court to administer the trust. It is agreed that this interest constituted all his estate remaining to be administered here at the time of filing the petition. Before his death, the time for a final distribution of the trust estate having arrived, the trustee had made arrangements for a division, and, if the deceased had survived, his share would have been paid to him. But, if the trustee had refused or neglected to make the distribution this claim could have been enforced by proper legal proceedings. Upon his appointment the trustee gave bond with sureties to faithfully administer the trust. If guilty of unfaithful administration, while the bond could have been put in suit for the benefit of the deceased, the allowance of his accounts and permission to bring an action on the bond could be decreed only by the Probate Court for the county of Suffolk, to which the parties interested must resort for this relief. R. L. c. 149, §§ 29, 30; c. 150, § 1. *Donaher* v. *Flint*, 188 Mass. 525. It also was within the jurisdiction of that court, if the provisions of the will called for a final distribution, upon a petition, to require the trustee by a decree to distribute the fund according to the directions of the testatrix. R. L. c. 147, § 20. If a failure to comply with such a decree constituted a breach of his bond, and also imposed a personal liability as well, this liability could be enforced by suit brought within the same county, where he had a usual place of business, as well as in that of his residence. R. L. c. 167, § 1. By the decease of the intestate, no action or other proceeding could be maintained for the recovery

of this debt without taking out letters of administration in this Commonwealth. *Cassidy* v. *Shimmin*, 122 Mass. 406, 408. The claim or demand due being his interest in a trust estate in process of settlement in a court clothed with jurisdiction of the subject matter and of the trustee, it follows that it also possessed jurisdiction of the property left by him within the county, and the appointment of the appellee as administrator was valid. *Bennett* v. *Pierce*, 188 Mass. 186, 190. *Pinney* v. *McGregory*, 102 Mass. 186, 192. R. L. c. 162, § 3.

*Decree of Probate Court affirmed.*

