AUGUSTUS HEMENWAY & others, trustees, *vs.* INHABITANTS OF MILTON.

Norfolk.    January 22, 1914. — February 28, 1914.

Present: RUGG, C. J., LORING, SHELDON, DE COURCY, & CROSBY, JJ.

*Tax,* Assessment.    *Trust,* Taxation.

Under St. 1909, c. 490, Part I, § 23, cl. 5, personal property derived from a sale of real estate in the State of New York constituting a part of the estate of a testator who died domiciled in this Commonwealth, which is in the hands of trustees resident in this Commonwealth appointed here under the will of the testator and also appointed by the appropriate court in New York ancillary trustees to hold such real estate and its proceeds, should be assessed to the trustees for purposes of taxation in a town of this Commonwealth in which the persons to whom the income is payable reside.

PETITION under St. 1909, c. 490, Part I, § 77, filed in the Superior Court on August 4, 1913, by the trustees under the will of Augustus Hemenway, late of Canton, who died on June 16, 1876, leaving, besides real and personal estate in this Commonwealth, certain real estate in the State of New York, appealing from a refusal of the assessors of the respondent to abate an additional tax of $2,300 assessed upon personal property held by the petitioners under the sixth clause of the will of their testator, which is described sufficiently in the opinion.

The case was submitted upon an agreed statement of facts to *Crosby,* J., who found the facts to be as stated in that agreement, and reported all questions of law arising thereon for determination by this court.

*F. T. Field,* for the petitioners.

*G. C. Coit,* for the respondent.

RUGG, C. J.    The petitioners are residents of Massachusetts, but not of Milton. They have been appointed by the Probate

Court for Norfolk County trustees generally under the will of a testator who died a resident of Massachusetts. They also have been appointed by the appropriate court of the State of New York trustees under the sixth clause of the will whereby the testator disposed of all his "land and real estate lying in the State of New York." As trustees they hold certain personal property acquired in substitution for a part of this real estate. The bonds and other securities, part of which are notes secured by mortgage upon real estate in New York, physically were in this Commonwealth. The trustees have kept separate accounts touching the property held under the sixth clause and consistently have treated it as not a part of the residuary trust created by the seventh clause. The beneficiaries under the two clauses are substantially the same, but the provisions as to termination of the trusts are different. The two beneficiaries, the tax upon whose shares is now in question, reside in Milton.

The point to be decided is whether this personal property was taxed rightly to the trustees in the town of residence of the beneficiaries under St. 1909, c. 490, Part I, § 23, cl. 5, which is as follows: "Personal property held in trust by an executor, administrator or trustee, the income of which is payable to another person, shall be assessed to the executor, administrator or trustee in the city or town in which such other person resides, if within the Commonwealth; and if he resides out of the Commonwealth it shall be assessed in the place where the executor, administrator or trustee resides; and if there are two or more executors, administrators or trustees residing in different places, the property shall be assessed to them in equal portions in such places, and the tax thereon shall be paid out of said income. If the executor, administrator or trustee is not an inhabitant of the Commonwealth, it shall be assessed to the person to whom the income is payable, in the place where he resides, if it is not legally taxed to an executor, administrator or trustee under a testamentary trust in any other State."

It is plain that the words of this clause of the statute interpreted literally cover the facts of the present case. The trustees, being residents of the Commonwealth, hold personal property in trust the income of which is payable to other persons resident in Milton in this Commonwealth. It is equally plain that this State has

the power to tax such personal property. The legal title to it is in the trustees who are residents here and the beneficial interest is also in residents of this State. This is enough to support the exercise of the taxing power. It even has been held that the interest of a beneficiary is subject to taxation here, where the trust fund was created by the will of a testator who resided and died in another State and whose will there alone was proved and allowed and the trustees were appointed by and lived within that jurisdiction. *Hunt* v. *Perry,* 165 Mass. 287. That case goes much further in upholding the taxing power of the State than it is necessary to go in order to sustain the present tax.

The legal title to the property is in the trustees who are residents here. This has been held to be enough to support a tax even though the beneficiaries lived elsewhere, and the testator was a non-resident. *Ailman, petitioner,* 17 R. I. 362. See *Hess* v. *Reynolds,* 113 U. S. 73; *Lewis* v. *County of Chester,* 60 Penn. St. 325; *Augusta* v. *Kimball,* 91 Maine, 605. It was said in *Putnam* v. *Middleborough,* 209 Mass. 456, at 457, that "our laws subject to taxation not only all the property, real and personal, situated within the Commonwealth, but also all personal property of its inhabitants, wherever situated, unless by reason of some specific exemption."

There is nothing about the words of the statute to indicate that their natural meaning should not be applied to the circumstances of this case. The testator was domiciled here and his will was proved here and his general trustees were appointed by our Probate Court. Apparently the only reason for ancillary administration in New York was in order to affect the title to the real estate there located with the testamentary disposition. See *Rackemann* v. *Taylor,* 204 Mass. 394, 397. Every condition points to the propriety of a tax being levied in this Commonwealth.

The counsel for the petitioners has argued very ingeniously that because the courts of New York have appointed them trustees under the will of the testator so far as concerned the real estate devised by the sixth clause, thereby the sole taxing jurisdiction is drawn to that State, and he seeks to establish a distinction between the legal and official residence of the trustees and to maintain that because the trustees acquired possession of the property in the first instance by virtue of an appointment by a

New York court they are not "an inhabitant of the Commonwealth" as those words are used in the last sentence of the statute. But this contention is not sound as applied to the circumstances of this case. There is no firm foundation for the suggestion that "inhabitant" here is used in any other than its natural sense. No intimation is to be found in the taxing laws that there is any distinction between an official and a legal residence of a trustee. The facts in *Vinton* v. *Sargent,* 195 Mass. 133, *Union Refrigerator Transit Co.* v. *Kentucky,* 199 U. S. 194, and *Goodsite* v. *Lane,* 72 C. C. A. 281, are so different that these decisions can have no bearing upon the issue here depending.

Tax laws are enacted for practical ends. They must be administered in large part by the plain citizens who are elected assessors from time to time in the various municipalities. They should be construed and interpreted as far as possible so as to be susceptible of easy comprehension and not likely to become pitfalls for the unwary. In the respect now under consideration the words used are clear. There is no reason for giving to them a strained or unusual meaning.

*Judgment for the defendant.*