JOHN A. BIANCO *vs.* GISELDA PISCOPO & others.

Suffolk.    January 19, 1928. — May 26, 1928.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & SANDERSON, JJ.

*Probate Court,* Jurisdiction, Foreign will.    *Executor and Administrator.*

While proceedings in New Hampshire for the probate of the will of one who had died domiciled there, leaving assets in this Commonwealth, were pending on appeal from a decree allowing the will, and more than thirty days after the death of the decedent, a petition for appointment as administrator was presented in a probate court in this Commonwealth by one who alleged himself to be a creditor of the deceased claiming a right as a beneficiary in a trust of real and personal property placed by the petitioner's grandfather in the possession of the decedent. Before the petition was heard, the appeals in the New Hampshire court were

withdrawn, the will was allowed and executors were appointed there who, with the widow, appeared specially in opposition to the petition in this Commonwealth, contending that the court had no jurisdiction to allow the petition, and appealed from a decree allowing it. The will was not filed in these proceedings. *Held*, that

(1) If the petitioner was a creditor within the provisions of G. L. c. 193, § 1, the court had jurisdiction to grant the petition;

(2) The petitioner was not bound to present a copy of the will allowed in New Hampshire;

(3) If there was a valid trust as to which the decedent had been bound to account to the petitioner as a beneficiary, the petitioner could be considered a creditor under the statute;

(4) The decree of the Probate Court was affirmed.

PETITION, filed in the Probate Court for the county of Suffolk on April 18, 1927, for appointment of the petitioner as administrator of the estate of Benjamin Piscopo, late of Laconia, New Hampshire, who died on January 24, 1926.

The petitioner alleged that he was a creditor of the deceased, that more than thirty days had elapsed since the death of the deceased, that no will of his had been allowed and no administration taken out, that he was "intestate, unless a document, purporting to be his last will, is finally allowed in the New Hampshire Courts," and that he died possessed of goods and estate in the county of Suffolk and Commonwealth of Massachusetts.

The petition was heard by *Prest*, J. Certain facts were agreed upon. The record does not state that no other evidence or facts were considered at the hearing. Material facts, so far as they appear in the record, are stated in the opinion. On November 3, 1927, a decree was entered granting the petition. Executors of the will of the deceased, which had been allowed in New Hampshire pending the proceedings, his widow, individually and as guardian of certain of his children, appearing "specially for the purpose of contesting the jurisdiction of the court," appealed.

The case was submitted on briefs.

*L. R. Chamberlin, C. Bosson, & T. L. Gannon*, for the respondents Giselda Piscopo and others.

*H. P. L. Partridge*, for the petitioner.

CARROLL, J. This is an appeal from the appointment on November 3, 1927, by the Probate Court of an administrator

of the estate of Benjamin Piscopo, who at the time of his death was a resident of Laconia, New Hampshire. The petition for administration was filed April 18, 1927. The appeal is prosecuted by the widow of the deceased and the executors of his will.

According to the agreed statement of facts the will of Piscopo was allowed in the Belknap County Probate Court of New Hampshire on September 25, 1926. Appeals were taken from the allowance of the will. "These appeals were withdrawn or dismissed on the 31st day of May, 1927." The "will . . . has been finally allowed." "No duly authenticated copy of the will of said Benjamin Piscopo and of the proceedings relative to its allowance has ever been filed in any probate court in Massachusetts."

It is not contended by the appellants that the testator had no assets in this Commonwealth. "A debt due to the intestate from any party having a domicil in this state, or any demand or right, requiring legal authority for its enforcement, is sufficient to give jurisdiction for such an appointment." *Merrill* v. *New England Mutual Life Ins. Co.* 103 Mass. 245, 247, 248. *Harrington* v. *Brown*, 5 Pick. 519, 522. *Vinton* v. *Sargent*, 195 Mass. 133.

By G. L. c. 215, § 3, probate courts have jurisdiction to grant administration on the estates of persons who die out of the Commonwealth leaving an estate to be administered here. G. L. c. 193, § 1, provides for the person to be appointed administrator of the estate of a person who dies intestate. G. L. c. 192, §§ 9, 10, 11, relates to the allowance of foreign wills. Assuming that the petitioner is the proper party to apply for administration, the Probate Court had jurisdiction to appoint him. See *Prescott* v. *Durfee*, 131 Mass. 477. In that case an administrator had been appointed in the domicil of the intestate and an administrator was also appointed in this Commonwealth; it was said by Gray, C.J., at page 478; "The object of appointing an administrator is not to determine the rights of parties interested in that estate, but to have a legal representative of the estate of the deceased within the Commonwealth, against or through whom those rights may be asserted." Whether the de-

ceased died testate or intestate, a legal representative of his estate could be appointed if he in fact had an estate here. When the petition was filed, the will of the testator had been allowed in a probate court of New Hampshire, appeals were taken, and the "will . . . finally allowed," as we understand it, on May 31, 1927. No attempt has been made to have the will allowed in this Commonwealth. The creditor was not bound to present a copy of the will in which he had no interest. See *Livermore* v. *Haven,* 23 Pick. 116; G. L. c. 199, §§ 1, 2. As to the effect of the appeals from the decision of the Probate Court in New Hampshire, see Pub. Laws of New Hampshire (1926) c. 311, § 12. *Cummings* v. *Allen,* 34 N. H. 194.

As there were assets of the deceased in this Commonwealth the Probate Court could appoint an administrator; and the judge could find that the petitioner was a creditor. The petitioner contended that the father of the deceased from 1890 to 1902 deposited with the deceased property to the amount of $140,000, consisting of real and personal property, in trust "for the members of" the father's family; that Gaetano Piscopo, the father, died in 1903, and "at that time Annie Piscopo Bianco, daughter of Gaetano, had died, leaving" as her only child the petitioner; that the wife of Gaetano died in 1918, and when Gaetano died he left four children living and there were no grandchildren who were children of deceased children except the petitioner. If there was a valid trust as contended by the petitioner and he was a beneficiary thereunder, see *Sheedy* v. *Roach,* 124 Mass. 472, then he could be considered a creditor under the statute granting to probate courts jurisdiction to appoint a creditor the administrator of an estate of a deceased person. "According to the liberal construction given to this statute, one is a creditor within the meaning of it, who has a cause of action against the deceased which by law survives." *Smith* v. *Sherman,* 4 Cush. 408, 412. "To furnish creditors with an adequate remedy in such cases, the statute makes the court of probate the avenue through which they may be enabled to enter the courts of law, and there seek and obtain their legal remedy. But it was never intended that questions of this sort should

be definitely settled in the probate court. They are to be tried, and finally determined in courts of law; all that is required of the court of probate is, that it shall determine whether a sufficient *prima facie* case is made out to authorize the granting administration on an estate, in order to enable a creditor to enforce his legal remedy in another tribunal." *Bowdoin* v. *Holland,* 10 Cush. 17, 19. Applying this rule the Probate Court could appoint the petitioner administrator on the ground that he was a creditor of the deceased. See also *Stevens* v. *Gaylord,* 11 Mass. 256, 263, 264; *Harrington* v. *Brown, supra; Rackemann* v. *Taylor,* 204 Mass. 394, 402, 403; *Morrison* v. *Hass,* 229 Mass. 514, 517, 518; *Wright* v. *Macomber,* 239 Mass. 98, 101, 102.

In the opinion of a majority of the court the decree is to be affirmed.

*Ordered accordingly.*