ROSALBA HOPKINS, administratrix, *vs.* TREASURER AND RECEIVER GENERAL & another.

Middlesex.    May 21, 1931. — September 10, 1931.

Present: RUGG, C.J., CROSBY, PIERCE, CARROLL, & WAIT, JJ.

*Res Judicata. Probate Court*, Parties, Decree. *Executor and Administrator. Evidence*, Competency.

After a public administrator of the estate of one who died domiciled in this Commonwealth had been appointed, a petition for the appointment of an administrator was filed in which certain persons were alleged to be heirs at law. The Attorney General and the public administrator entered appearances opposing such petition, but later, after filing interrogatories, withdrew their opposition and the petition was granted, no evidence that the alleged heirs at law were not such being introduced. Later, the public administrator presented a petition for revocation of the appointment of the administrator, which, after hearing, was denied, the judge of probate finding that those alleged to be heirs at law were not such, but that the evidence then presented by the Attorney General and the public administrator could and should have been presented at the hearing of the petition for the appointment of the administrator. Thereafter, the administrator presented an account and the Commonwealth and Treasurer and Receiver General objected to its allowance and moved that the balance of the estate be distributed as escheat. The alleged heirs at law opposed such motion. The respective parties each moved that the other's appearance be struck from the record. The judge received the. same evidence as to the alleged heirs at law not being such as he had received at the hearing of the petition for revocation of the appointment of the administrator. The alleged heirs at law excepted to the receipt of such evidence and contended that the decree allowing the petition for administration adjudged the alleged heirs at law to be such and was *res judicata* as to the contention of the Commonwealth and the Treasurer and Receiver General. The motions of the Commonwealth and of the Treasurer and Receiver General for the striking out of appearances were allowed and those of the alleged heirs at law were denied. *Held,* that

(1) The issues respecting rights of alleged heirs at law presented upon the petition for administration were not the same as those on that subject presented on the question of the allowance of the accounts of the administrator;

(2) The decree appointing the administrator was not *res judicata* barring the Commonwealth and the Treasurer and Receiver General from contending that the alleged heirs at law were not such and were not entitled to share in the estate.

PETITION, filed in the Probate Court for the county of Middlesex on August 19, 1930, and afterwards amended, by the administratrix of the estate of Mary Bahan, for the allowance of her first account.

Appearances filed in the Probate Court and proceedings before *Campbell,* J., are described in the opinion. The rulings requested by the Treasurer and Receiver General and allowed by the judge at the hearing of the motion to strike out appearances were as follows:

"1. That the title to decedent's property would ultimately pass to the Commonwealth being escheated after the payment of her debts and the charges of administration, if no husband, heir, or next of kin were shown to exist, it would not vest in nor become complete in the Commonwealth except after a judicial determination by the court.

"2. The heirs or next of kin of any decedent are not determined by any decree of record until a decree of distribution has been made.

"3. The issue as to heirship involved on the petition for administration was determined with respect to that petition only.

"4. No petition for administration can ever adjudicate the rights of persons entitled to the estate of the decedent.

"5. In petitions for administration the Probate Court is required only to determine whether a sufficient case has been made out to authorize the granting of administration in order that the rights of the parties having an interest in this estate may be enforced and decided at law.

"6. The object of appointing an administrator is not to determine the rights of parties interested in that estate, but is for the purpose of having a legal representative of

the estate of the deceased within the Commonwealth, through whom those rights may be asserted."

The alleged heirs at law and the administratrix appealed from the denial of their motions to strike out appearances of the Commonwealth of Massachusetts, the Treasurer and Receiver General and the public administrator; and from the allowance of motions to have struck out the appearance of such alleged heirs at law.

*F. L. Simpson*, for Mary Behan and others.

*G. K. Richardson*, for the public administrator.

*E. K. Nash*, Assistant Attorney General, for Treasurer and Receiver General, submitted a brief.

RUGG, C.J.   The issues now presented arise on motions to strike out appearances entered in proceedings in the settlement of the estate of Mary Bahan who died in May, 1928.   Frederick H. Hilton was appointed public administrator of her estate in July, 1928.   On a petition alleging that Christopher Behan and five others (hereafter for convenience called claimants) were heirs at law of the decedent, Rosalba Hopkins was appointed administratrix in March, 1929.   Hilton as public administrator later filed a petition to revoke the March, 1929, decree on the ground that the claimants were not in truth heirs at law of the decedent. After hearing that petition was dismissed in September, 1930, although the trial judge at the same time found that the claimants were not heirs at law of the decedent.   On appeal to this court, the decree dismissing that petition was affirmed with modification.   *Hilton* v. *Hopkins*, 275 Mass. 59.

In August, 1930, the Treasurer and Receiver General filed a petition in behalf of the Commonwealth for distribution of the balance of the estate of the decedent as an escheat; this petition is still pending.   Rosalba Hopkins in August, 1930, filed her first account as administratrix of the estate of the decedent, and in April, 1931, she filed an amended account.   Appearances in opposition to these matters have been filed by the other parties.   The several parties also have filed motions to strike these appearances from the records.   Answers have been filed by the Com-

monwealth and the Treasurer and Receiver General. Hearing was had upon these motions to strike out appearances. The same evidence tending to show that the claimants were not heirs at law of the decedent was received, subject to objection and exception, as was introduced on the petition to revoke the decree of March, 1929, whereby Rosalba Hopkins was appointed administratrix. The trial judge found as a fact that the claimants were not the heirs at law of the decedent and that so far as appears there are no such heirs at law. He granted requests for rulings made on behalf of the Commonwealth, dismissed the motions of the claimants and of the administratrix to strike out the appearances of the Commonwealth, of the Treasurer and Receiver General and of the public administrator, and granted the motion of the Commonwealth to strike out the appearances of the claimants and of their attorneys. Appeals by the aggrieved parties bring the matters here. The trial judge filed a report of the material facts and of his rulings.

The contention of the claimants is that, as between the parties hereto, the decree of appointment of Rosalba Hopkins as administratrix and the denial of the petition to revoke that decree constitute *res judicata* as to the matters involved in the present proceedings and that hence the trial judge erred in hearing evidence on the question whether the claimants are heirs at law of the decedent, in granting the requests for rulings presented in behalf of the Commonwealth, and in his disposition of the several motions. The facts pertinent to that contention are these: The appointment of Rosalba Hopkins as administratrix was made on petition of the claimants; on that petition the attorney general and the public administrator appeared in objection, made an investigation and filed interrogatories to five of the six claimants, and ultimately informed the court that they did not care to be heard and withdrew their opposition; thereupon Rosalba Hopkins was appointed administratrix, no evidence being introduced that the claimants were not heirs at law of the decedent; the issue then presented was whether the claimants were in truth heirs at law of the

decedent; on the hearing for the revocation of that appointment it was found that the evidence then presented by the Attorney General or public administrator could or should have been presented by them at the hearing on the petition for the appointment of the administratrix.

Rosalba Hopkins could not have been appointed in March, 1929, except upon a, finding, so far as essential to such appointment, that the claimants were the heirs at law of the decedent. The question is whether the decree making that appointment, founded as it was on that finding of fact, is *res judicata* as to the issues here raised. The doctrine of *res judicata* is in substance that as between the same parties a judgment on the merits in any proceeding is a bar, as to every issue that in fact was or in law might have been litigated therein, to a later proceeding for the same cause of action. *Foye* v. *Patch,* 132 Mass. 105, 110. *Newburyport Institution for Savings* v. *Puffer,* 201 Mass. 41, 46. *Wight* v. *Wight,* 272 Mass. 154, 156. *Grubb* v. *Public Utilities Commission of Ohio,* 281 U. S. 470, 479. See *Moll* v. *Wakefield,* 274 Mass. 505. The precise point to be decided is whether the issue on the appointment of the administratrix was the same as that here presented. The issues presented in the present proceedings relate to the allowance of the accounts of the administratrix in the settlement of the estate and to the ascertainment of the persons entitled to the balance of the estate on its final distribution. *Knowles* v. *Perkins,* 274 Mass. 27. As to the issues raised on a petition for the appointment of an administrator, it was said by Chief Justice Gray as the ground of decision in *Prescott* v. *Durfee,* 131 Mass. 477, at page 478: "The object of appointing an administrator is not to determine the rights of parties interested in that estate, but to have a legal representative of the estate of the deceased within the Commonwealth, against or through whom those rights may be asserted." That sentence has been quoted with approval in *Rackemann* v. *Taylor,* 204 Mass. 394, 398, and in *Bianco* v. *Piscopo,* 263 Mass. 549, 551. See also *Bowdoin* v. *Holland,* 10 Cush. 17, 19; *Parsons* v. *Spaulding,* 130 Mass. 83, 86; *Waverley Trust Co., petitioner,*

268 Mass. 181.   It is plain from these statements that the present issues are not the same as those presented on the petition for the appointment of Rosalba Hopkins as administratrix.   One may show himself on a hearing of that nature to be an heir at law of a decedent and fail to show himself to be an heir at law for purposes of final distribution of the balance of the estate.   The main purpose and the ultimate end of that petition and the decree upon it are quite different from the main purpose and ultimate end of the proceedings here involved.   It would be stretching the decree appointing an administrator, even though entered after a contest, quite beyond justifiable limits to hold that the persons entitled to share in the final distribution of the estate would be settled by the heirs at law there disclosed. The manifest injustice of such a rule is illustrated by the case at bar where, if allowed to prevail, the estate of the decedent would go to persons strangers to her blood and without any kinship whatever to her.   It would be a reproach to the administration of intestate estates if such a result were reached.   Inexorable rules of law alone could constrain a court to such a conclusion.   There is nothing in the decision in *Hilton* v. *Hopkins,* 275 Mass. 59 which lends countenance to such a contention.   The opinion in that decision was carefully framed to leave open the question now presented for decision.   It follows that according to settled principles the doctrine of *res judicata* is not available to support the contention of the claimants.   *Watts* v. *Watts,* 160 Mass. 464.   See also *Waters* v. *Stickney,* 12 Allen, 1; *Newton* v. *Seaman's Friend Society,* 130 Mass. 91.

The trial judge rightly received evidence on the issue whether the claimants were entitled to share in the estate of the decedent as her heirs at law.   There was no error in the granting of the requests for rulings.

*Decrees affirmed.*