KATIE B. GORDON *vs.* ANNE E. SHEA, administratrix, & another.

Middlesex.     January 4, 31, 1938. — March 29, 1938.

Present: RUGG, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Probate Court,* Jurisdiction. *Executor and Administrator,* Appointment, What are assets of estate. *Jurisdiction,* Estate of decedent. *Conflict of Laws.* *Words,* "Creditors."

Upon the death of a nonresident defendant in a pending action of tort for personal injuries, the plaintiff was a "creditor" of the deceased within the meaning of G. L. (Ter. Ed.) c. 193, § 1, Third.

Upon the death of the defendant in an action pending in this Commonwealth against a nonresident for injuries resulting from his operation of an automobile here, his right as the insured under a policy of motor vehicle liability insurance issued by a foreign company amenable to process here was an asset of his estate warranting the appointment of an administrator under G. L. (Ter. Ed.) c. 215, § 3.

PETITION, filed in the Probate Court for the county of Middlesex on February 3, 1937.

The petitioner appealed from a decree by *Monahan,* J., dismissing the petition.

*E. J. Flynn,* for the petitioner, submitted a brief.

*W. F. Howard,* (*G. M. French* of New Hampshire, with him,) for the respondents.

RUGG, C.J. This is a petition for the revocation of a decree entered on December 15, 1936, by the Probate Court of Middlesex County, whereby Anne E. Shea of Lowell in this Commonwealth was appointed administratrix of the estate of Samuel S. Gordon, late of Cranston, Rhode Island, deceased, intestate. The petitioner is a resident of Providence, Rhode Island, and is the widow of said Samuel S. Gordon. The petition is based on the alleged grounds that said Samuel S. Gordon was domiciled and resident in Rhode Island, that he did not own any real estate, personal property or tangible or intangible interests in any property in this Commonwealth, and that, therefore, said Probate Court lacked jurisdiction to make the appointment.

The trial judge, at the request of the appellant, made a report of material facts in substance as follows: On July 9, 1935, an accident occurred in Chelmsford in this Commonwealth between two automobiles, one owned and operated by said Samuel S. Gordon, and the other owned by Charles H. Noyes of Nashua, New Hampshire, and operated by Mabel R. Noyes, also of Nashua. In this accident, Charles H. Noyes, his wife, Caroline B. Noyes, and his daughter, Mabel R. Noyes, all suffered personal injuries and Charles H. Noyes sustained property and consequential damages. Samuel S. Gordon was insured against liability for the payment of compensation for such injuries and damages under the usual form of motor vehicle liability contract of

insurance entered into in Rhode Island with the Banker's Indemnity Insurance Company of Newark, New Jersey, an insurance company authorized to do business in this Commonwealth and amenable to process here. In August, 1935, Mabel R. Noyes, Caroline B. Noyes and Charles H. Noyes each brought an action of tort in the District Court of Lowell in this Commonwealth against Samuel S. Gordon. In these three actions, service was made under the statutes of this Commonwealth upon the registrar of motor vehicles. The defence of these actions was prosecuted by attorneys in behalf of the defendant. While these actions were pending, the defendant, still a resident of Rhode Island, died, intestate, leaving his widow, the petitioner, a resident of Rhode Island, as his sole heir and next of kin. The plaintiffs in the three actions of tort were not informed of the death of the defendant Gordon until October, 1936, whereupon they immediately filed suggestion of his death in those actions.

The petitioner Katie B. Gordon neglected and refused for more than thirty days to petition in this Commonwealth for the appointment of an administrator of said estate. On October 21, 1936, Mabel R. Noyes as creditor of said estate filed a petition in the Probate Court for Middlesex County for the appointment of an administrator of said estate, of which due notice was given. Notice was also given to the insurance company, but its attorneys, although afforded reasonable opportunity to object, declined to enter into the proceedings or to make any suggestion of a person to be appointed to settle the estate. The trial judge "found that there were assets in the estate of said Samuel S. Gordon in this Commonwealth and entered a decree allowing the petition for administration appointing the said Anne E. Shea of Lowell" as administratrix. Subsequently to the appointment of the administratrix, each of the plaintiffs in the three tort actions recovered judgment against the defendant. On December 24, 1936, an inventory was filed by the administratrix in which she stated that there were no assets. This was an error. On February 3, 1937, Katie B. Gordon filed the present petition to vacate and revoke the decree appointing the administratrix. The

allowance of this petition was contested by Anne E. Shea and by Mabel R. Noyes. "On March 9, 1937, Anne E. Shea filed her first account as administratrix showing in Schedules A and C the following item: — 'Policy of Motor vehicle liability insurance with the Banker's Indemnity Company of Newark, New Jersey, indemnifying the intestate or his legal representatives against liability to pay damages for personal injury, consequential damage and property damage to Mabel R. Noyes, Charles H. Noyes and Caroline B. Noyes of Nashua, New Hampshire, who sustained damages for personal injury, consequential damage and property damage in a collision with an automobile owned and operated by the deceased in Chelmsford, Mass., July 9, 1935, arising out of which are three actions of tort now pending in the Lowell District Court in which the accountant has entered her appearance in order to defend said actions which were pending at the time of the death of the deceased.' This account is still pending."

The present petition was heard on June 14, 1937. The petitioner, the respondent, Mabel R. Noyes, the alleged creditor, and the insurance company participated in that hearing. The trial judge found that "the right of exoneration and indemnity under the policy of insurance issued" to said Samuel S. Gordon while driving his automobile in this Commonwealth "against liability for the payment of damages for personal injuries, for property damage, and for consequential damage," was property in this Commonwealth and an asset of the estate of said Samuel S. Gordon. The trial judge found that the court had jurisdiction to appoint the administratrix and dismissed the present petition. The appeal of the petitioner brings the case here.

It is the contention of the petitioner that the Probate Court had no jurisdiction to appoint an administratrix. No one was appointed to take the testimony. There is no report of the evidence. The case must be decided on the facts reported by the trial judge. Unless the decree of appointment was unwarranted on the record, or is inconsistent as matter of law with the facts reported, the decree must stand. *Lannin v. Buckley,* 256 Mass. 78, 81. "The

only question before us is whether the specific facts stated are necessarily inconsistent with the general conclusion reached." *Cleveland* v. *Hampden Savings Bank,* 182 Mass. 110, 111. *Plumer* v. *Houghton & Dutton Co.* 277 Mass. 209, 215.

The petition for the appointment of an administrator of the estate of Samuel S. Gordon was filed by Mabel R. Noyes, who was a plaintiff in one of the actions of tort pending against him at the time of his death. It is provided by G. L. (Ter. Ed.) c. 193, § 1, Third, that, if the widow or surviving husband of a deceased or his next of kin or other preferred persons without cause neglect for thirty days to petition for administration, one or more of the principal creditors may file such petition. The word "creditors" as used in this section includes a person having a claim for personal injuries against the deceased due to his negligence. *Bickford* v. *Furber,* 271 Mass. 94, 98. *Union Market National Bank* v. *Gardiner,* 276 Mass. 490, 494. This statute has been construed to mean that one is a creditor within its terms "who has a cause of action against the deceased which by law survives." *Smith* v. *Sherman,* 4 Cush. 408, 412. *Bianco* v. *Piscopo,* 263 Mass. 549, 552. The creditor need not be appointed on his petition, but any suitable person may be appointed. *Waverly Trust Co., petitioner,* 268 Mass. 181, 184. The appointee under these circumstances is not a stranger to the estate in the sense in which that word is used in *McDonald* v. *O'Dea,* 256 Mass. 177, 179.

Jurisdiction is conferred upon probate courts by G. L. (Ter. Ed.) c. 215, § 3, "of granting administration on the estates of persons . . . who die out of the commonwealth leaving estate to be administered within their respective counties . . . ." The existence of "estate" of the deceased within the Commonwealth was a condition precedent to jurisdiction of the court to make the appointment of an administrator. *Crosby* v. *Leavitt,* 4 Allen, 410. *Jochumsen* v. *Suffolk Savings Bank,* 3 Allen, 87. *Martin* v. *Gage,* 147 Mass. 204. *Davis* v. *McGraw,* 206 Mass. 294, 298. If there is no estate of the deceased in the Commonwealth, there is no jurisdiction to appoint an administrator of one domiciled

outside the Commonwealth. *Harrington* v. *Brown*, 5 Pick. 519, 522. *Prescott* v. *Durfee*, 131 Mass. 477, 478. *Bianco* v. *Piscopo*, 263 Mass. 549, 551, 552. It seems to be conceded that the administratrix was appointed before judgment was recovered against Samuel S. Gordon in the tort action. If, however, "the right of exoneration and indemnity under the policy of insurance issued to the deceased" would not be estate of the deceased until judgment was recovered against him in the tort action, the appointment would not be invalidated, because a judgment recovered subsequently to the appointment affords an "occasion for the administrator to act [and] . . . the appointment is valid." Am. Law Inst. Restatement: Conflict of Laws, § 467, Comment a. The exact question is whether a debt or obligation owed the deceased by a corporation amenable to process in this Commonwealth is an asset here and justifies the appointment of an administrator. When a creditor is concerned, administration may be granted where a "*prima facie* case is made out to authorize the granting administration on an estate, in order to enable a creditor to enforce his legal remedy in another tribunal." *Bianco* v. *Piscopo*, 263 Mass. 549, 553. "A debt due to the intestate from any party having a domicil in this state, or any demand or right, requiring legal authority for its enforcement, is sufficient to give jurisdiction for such an appointment." *Merrill* v. *New England Mutual Life Ins. Co.* 103 Mass. 245, 248. *Vinton* v. *Sargent*, 195 Mass. 133, 134. A statute of this nature is given a liberal construction. *Pinney* v. *McGregory*, 102 Mass. 186, 193. *Bowdoin* v. *Holland*, 10 Cush. 17. "The object of appointing an administrator is not to determine the rights of parties interested in that estate, but to have a legal representative of the estate of the deceased within the Commonwealth, against or through whom those rights may be asserted." *Prescott* v. *Durfee*, 131 Mass. 477, 478. The case at bar is precisely within the authority of the well reasoned opinion in *Robinson* v. *Carroll*, 87 N. H. 114. The principle invoked by the respondent to uphold her appointment as administratrix is supported by decisions of other courts where administration has been granted upon facts similar to those

here involved. *New England Mutual Life Ins. Co.* v. *Woodworth*, 111 U. S. 138. *Southern Pacific Co.* v. *De Valle Da Costa*, 190 Fed. 689. *Rice* v. *Metropolitan Life Ins. Co.* 152 Ark. 498, 507. See *Rothschild* v. *Knight*, 176 Mass. 48; *National Shawmut Bank* v. *Waterville*, 285 Mass. 252, 253; *Universal Adjustment Corp.* v. *Midland Bank, Ltd., of London*, 281 Mass. 303, 311, 312; *Arlington Trust Co.* v. *Le Vine*, 291 Mass. 245. The pendency of the actions at law in a court of this Commonwealth in the circumstances here disclosed, where personal jurisdiction had been obtained over the deceased, was sufficient to support the appointment. The actions survived and might be prosecuted after the death of Samuel S. Gordon. G. L. (Ter. Ed.) c. 228.

The result is that the right of Samuel S. Gordon under his policy of insurance was estate within this Commonwealth adequate to support the appointment of an administratrix. The Probate Court of Middlesex County, in all the circumstances, had jurisdiction to make the appointment of an administratrix. The appointment was not inconsistent as matter of law with the facts reported. No reversible error is disclosed on the record. Am. Law Inst. Restatement: Conflict of Laws, § 467 (b) (g).

> *Decree dismissing petition to vacate appointment of Anne E. Shea as administratrix of estate of Samuel S. Gordon affirmed.*