### In re EVANS' ESTATE.

### EVANS v. ROBERTS et al.

### No. 4387.

Court of Civil Appeals of Texas. Beaumont.

Dec. 5, 1946.

Fortenberry & Fortenberry, of Beaumont, for appellant.

R. E. Biggs, of Liberty, and E. E. Davis, of Dayton, for appellees.

MURRAY, Justice.

The appellees, Read Roberts, et al., filed in the county court of Jefferson county an application to declare heirship in the Estate of Frank K. Evans, deceased, the administration of which estate was then pending in that court. In such application they alleged that they were the heirs of Frank K. Evans, deceased, and as such were entitled to receive all of the property of the estate. The appellant, Ethel Melton Evans, filed her petition in intervention in such action to declare heirship, alleging that she was the wife of Frank K. Evans, deceased, and that she had lived with him as his wife for a number of years, and as surviving wife she was entitled to receive a portion or all of the property of the estate. The appellees thereupon answered the appellant's petition in intervention, and such answer contained a plea of res judicata based upon an order of the county court of Jefferson county, dated January 16, 1937, which order and judgment denied the application of Ethel Melton for letters of

744

administration on the Estate of Frank K. Evans, deceased. The plea of res judicata was overruled by the judge of the county court and after a trial judgment was entered adjudging Ethel Melton Evans to be the surviving wife of Frank K. Evans, deceased. An appeal was taken to the district court of Jefferson county. Upon the trial of the case in the district court, appellees herein urged their same plea of res judicata, which plea was sustained by the district court. Appellant attempted an appeal to this court but the appeal was dismissed, Tex.Civ.App., 191 S.W.2d 132, such order sustaining the plea of res judicata was not a final judgment from which an appeal could be taken. Thereafter, the district court proceeded to trial. The court overruled the appellant's motion to reconsider his action upon the plea of res judicata and the court proceeded to judgment, finding that the persons named in the judgment were the heirs of Frank K. Evans, deceased. From this judgment the appellant has perfected her appeal to this court for review.

The only matter presented on this appeal is the question of the correctness of the district court's action in sustaining the appellees' plea of res judicata.

The judgment of the county court of Jefferson county, dated January 16, 1937, which is the basis of the appellees' plea of res judicata, reads as follows:

"No. 6188

| In the matter of Estate of Frank K. Evans, Deceased. | In the County Court of Jefferson County, Texas. Matters in Probate. |

On this the 16th day of January, 1937, came on to be heard the application of Ethel Melton for letters of administration upon the estate of Frank K. Evans, deceased; and it appearing to the satisfaction of the court that citation has been issued, served and returned in the manner and for the length of time required by law; that this court has jurisdiction of said estate; that there has been a contest filed herein to the said Ethel Melton's application for letters of administration upon the said estate of Frank K. Evans, deceased; that the said Ethel Melton is not related to the said Frank K. Evans, deceased, and that she has no interest in said estate; and it further appearing to the court that the said Ethel Melton appeared in open court in the matter of the estate of Frank K. Evans, deceased, same being numbered 6192 on the docket of this court, and in open court waived and renounced her right to be appointed administratrix of such estate in favor of the heirs of said Frank K. Evans, deceased; and it further appearing to the court that a majority of the heirs of the said Frank K. Evans, deceased, have filed in this court in said cause No. 6192 a written instrument waiving their rights to letters of administration upon such estate and designating J. S. Edwards as their choice of administrator, and that in said cause this court has appointed the said J. S. Edwards permanent administrator of the estate of Frank K. Evans, deceased;

It is therefore ordered, adjudged and decreed by the court that the application of the said Ethel Melton for letters of administration upon the estate of Frank K. Evans, deceased, be, and the same is hereby in all things refused and denied.

/s/ B. B. Johnson
Judge."

From the record it is noted that Ethel Lee Melton (who is the same person as the Ethel Melton Evans and Ethel Lee Evans) first filed application for letters of administration on the estate of Frank K. Evans, deceased, on October 29, 1936. This application apparently was filed on the date of the death of the deceased. It made no allegation that she was the wife of Frank K. Evans, deceased. There was a contest of such application filed by the appellees here, and by another person who was a creditor of the deceased. The court appointed P. A. Dowlen administrator on April 6, 1937. On April 8, 1937, the appellant here, Ethel Lee Evans, filed petition in the county court of Jefferson county, which was numbered 6192, in which application it was alleged that she was the wife of Frank K. Evans, deceased, that P. A. Dowlen was appointed administrator, that she had a prior right to such appointment because of her relationship to such deceased, and prayed that Dowlen be removed and that she be granted letters. That ap-

plication was denied and the county court found in its judgment denying the application that the "Estate was now in the jurisdiction of the district court of the 58th Judicial District of Jefferson county and that the applicant, Ethel Lee Evans, should intervene in said appeal." The appellant intervened in the district court case, which was an appeal by Lilla Simpson Bledsoe, et al., as heirs of Frank K. Evans, deceased, from the order of the county court appointing P. A. Dowlen administrator. Judgment of the district court in that case ordered that the administration be granted on the estate of Frank K. Evans, deceased; declared the appointment of P. A. Dowlen as administrator to be null and void, and also removed him from the administration as administrator; and the court further "upon its own motion, with the advice, request, acquiescence, consent, agreement and approval of all interested parties herein, except the said P. A. Dowlen, in open court now orders that W. T. Kenna receive letters of administration upon this estate."

The only testimony in the record as to the nature of the proceedings and hearing upon which the county court rendered its judgment in cause 6188, dated January 16, 1937, is the testimony of the deputy clerk in attendance on said court, J. O. Newcomer, who testified that he did not remember any hearing and evidence or any formal hearing on the application.

The question thus presented on this appeal is whether the judgment of the county court of Jefferson county, dated January 16, 1937, copied above, unsupported by any testimony in regard to the issues litigated and the extent of testimony introduced, if any, by which the county court arrived at such judgment, is such a conclusive determination as a matter of law that the appellant was not the surviving wife of Frank K. Evans, deceased, as to preclude her from presenting her claim for distribution of the assets of the estate upon a later trial on an action instituted to determine who are the heirs of the deceased. Appellees in their brief rely upon the proposition that in arriving at its decision in the county court's judgment, it was necessary that the court first determine whether Ethel

Lee Melton was the surviving wife of the deceased, and when he found she was not the judgment was binding upon the appellant as to all of the issues determined, it being a final judgment not appealed from. They say that the parties in judgment No. 6188 are the same parties before the court in the present action to declare heirship and that the issues were the same, that is, whether Ethel Melton Evans was the surviving wife of Frank K. Evans, deceased. They rely upon and quote from many cases announcing and applying the sound general principle that a question of fact or of law, distinctly put in issue and directly determined by a court of competent jurisdiction, is conclusively settled by final judgment or decree therein so that it can not be further litigated in a subsequent suit between the same parties.

Appellant contends that the trial court erred in sustaining the plea of res judicata for the reasons (1) that the appellees' pleading was insufficient in that it did not allege facts to show that the issue of Ethel Melton Evans' relationship to Frank K. Evans, deceased, was before the county court, and (2) that such question was not directly and necessarily involved in the decision of the county court denying the appellant's application for letters of administration.

The identical question presented here has been the subject of extensive litigation and the courts of the various states and of the United States are not in harmony thereon. An exhaustive discussion of the question is found in 119 A.L.R., pages 594 to 627. The question has frequently arisen where a person has been appointed or refused appointment as administrator under the theory that he is or is not an heir or next of kin to the deceased, and this fact is afterwards controverted on the distribution of the estate. A great many courts, as is seen in the cases of Hopkins v. Treasurer, 276 Mass. 502, 177 N.E. 654, In re Firle's Estate, 191 Minn. 233, 253 N.W. 889, Welch v. Flory, 294 Mass. 138, 200 N.E. 900, 106 A.L.R. 813, In re McClellan's Estate, 31 S.D. 641, 141 N.W. 965, have held that an adjudication on an issue of heirship in connection with the appoint-

ment of an administrator is not conclusive on that question in subsequent proceedings for distribution of the estate, even though such issue was directly presented and decided in the former proceeding. In Hopkins v. Treasurer, supra [276 Mass. 502, 177 N.E. 656], in referring to the petition for appointment as administrator, the court said: "One may show himself on a hearing of that nature to be an heir at law of a decedent and fail to show himself to be an heir at law for purposes of final distribution of the balance of the estate. The main purpose and the ultimate end of that petition and the decree upon it are quite different from the main purpose and ultimate end of the proceedings here involved. It would be stretching the decree appointing an administrator, even though entered after a contest, quite beyond justifiable limits, to hold that the persons entitled to share in the final distribution of the estate would be settled by the heirs at law there disclosed." In California the courts favor the view that an order of appointment should not be given conclusive effect on questions of heirship although those courts have held that such an adjudication is conclusive in a subsequent proceeding involving the same parties where the issue of heirship was litigated and directly decided the application for appointment. While the courts in the various states differ in their holdings when the issue of relationship was necessary to be decided and was decided after proper litigation, the authorities are practically unanimous in holding that when the issue was not litigated or it was not necessary to decide the issue in order to render judgment, then such a finding as to relationship is merely collateral and is not conclusive at a later suit to determine heirship. The only Texas authority which we have been able to find which discusses this precise point is Berger v. Kirby, Tex. Civ.App., 135 S.W. 1122, affirmed in 105 Tex. 611, 153 S.W. 1130, 51 L.R.A.,N.S., 182. Some of the facts in this case are similar to those in the case under consideration. An application was made for letters of administration by Kirby alleging that Mary Berger was the surviving common law wife of the deceased. This application was accompanied by written renunciation by her of her right to letters of administration. The probate court granted letters of administration to Kirby. In subsequent proceedings brought by her to establish her right as an heir of decedent, and to set aside a fraudulent conveyance, it was held that the order and judgment of the probate court was not res judicata as to the validity of the common law marriage, where the issue of the validity of the marriage was neither tendered by the application for administration nor necessarily involved in making the appointment. It seems to have been the court's opinion that even if the issue had been involved in the appointment of the administrator, the order still would not be res judicata on this question, since whatever adjudication there may have been in reference thereto was merely collateral and incidental to the main question of the right to administration.

Applying the law as announced in the case of Berger v. Kirby, supra, in the opinion of the Court of Civil Appeals, and in the authorities noted above, the judgment of the county court of Jefferson county, relied upon by the appellees in support of their plea of res judicata, was not a conclusive determination that appellant was not related to Frank K. Evans, deceased. The judgment itself states that the same court had theretofore appointed J. S. Edwards permanent administrator of the estate of Frank K. Evans, deceased. It does not state either directly nor by implication that it was necessary for it to determine whether Ethel Melton was or was not related to the deceased. Ethel Melton's application for appointment does not raise the issue as to whether she was related to the deceased and such relationship was not necessarily involved in refusing the appointment. As applied to the question before us in this case, it is noted that the object of a petition for and the grant of letters of administration was to have an adjudication that the deceased had died and that he left an estate subject to administration by the court. The existence and allegation of these facts, the requisite notice being given, have the probate court jurisdiction. The question as to who would be the administrator was another matter. The administrator is but an officer of the

probate court. The question of relationship and the consequent right to succeed to a portion or the whole of the estate was another matter and was not then in issue and it was not necessary for the court to determine such an issue, and the necessity for determining such an issue would not arise and did not arise until the action to declare heirship for purposes of distribution of the estate was instituted. The citation and notice which was given on application for letters of administration gave no notice to anyone that a determination was to be made as to who were or were not the heirs of the deceased. Notice was given only of the fact that Ethel Lee Melton had applied for letters of administration and that such application would be heard on a certain date.

We do not go so far as to hold in this case that a judgment of a probate court granting or refusing letters of administration can not be conclusive on a question of relationship of an applicant to the deceased regardless of whether the issue was presented, was necessary for a decision on the appointment, and was litigated by the parties. Such a holding is not necessary here for a decision in this appeal. We do hold that the judgment in Cause 6188, dated January 16, 1937, was not conclusive on the question of Ethel Melton Evans' relationship to Frank K. Evans, deceased, because such a determination was not necessary to the decision reached by the court, was not tendered by her application for letters and there is no proof in the record that a hearing was had and the issue joined between the parties as to such relationship. While this judgment is lacking in all of these elements necessary to support it as res judicata, the principal defect lies in the fact that on its face it shows that because another administrator had already been appointed in the estate of Frank K. Evans, deceased, it was not necessary for the court to determine the relationship between the appellant and the deceased in order to deny her application. The finding by the probate court that she was not related to the deceased therefore was merely collateral and incidental to its judgment denying appellant's application. The judgment further recited that appel-

lant had waived her right to appointment as administratrix, which recital also indicates that the finding of nonrelationship was merely collateral and incidental to the judgment denying appellant's application. The fact that the judgment shows these matters on its face makes it unnecessary for the case to be remanded for further proceedings in the trial court on the plea of res judicata.

The trial court was in error in sustaining the appellees' plea of res judicata. The trial court should have overruled such plea as a matter of law. Therefore, judgment is here rendered overruling said plea of res judicata and remanding the case to the district court for further proceedings upon the appellant's plea of intervention.