101 So.2d 924 (1958)
In re ESTATE of David John KLIPPLE, Deceased.
No. 57-365.
District Court of Appeal of Florida. Third District.
April 10, 1958.
*925 Fowler, White, Gillen, Yancey & Humkey, Miami, for Margaret M. Klipple, appellant.
Holladay & Swann, Miami, for J.R. Bates, Administrator, appellee.
CARROLL, CHAS., Chief Judge.
David John Klipple, now deceased, was involved in an automobile accident in Dade County, Florida, on June 5, 1953, as a result of which a tort action was filed against him by one Lonnie Bailey in the United States District Court, Southern District of Florida, Miami Division.
On February 5, 1955, Klipple died intestate while serving in the United States Navy in or near French Morocco. At the time of his death he was domiciled in Wayne County, Michigan.
The plaintiff in the Florida tort action, as a creditor, applied to the County Judge's Court in Dade County for the appointment of an administrator of the estate of said deceased, in order to be able to substitute such representative as the defendant in the tort action. See section 45.11, Fla. Stat., F.S.A.; rule 25 Federal Rules of Civil Procedure, 28 U.S.C.A.; Roth v. Cox, 5 Cir., 210 F.2d 76. The County Judge's Court in Dade County, Florida, granted the petition, appointed J.R. Bates as administrator, and issued letters of administration.
Margaret M. Klipple, the mother of the deceased, filed her petition before the county judge seeking an order revoking the appointment of the administrator and the letters of administration issued thereon. Her petition was as follows:
"Comes now Margaret M. Klipple, by her undersigned attorneys, and petitions the Court to revoke, as void, the order entered herein on July 19, 1956, appointing J.R. Bates Administrator, and to revoke, as void, the Letters of Administration issued herein on July 23, 1956.
"I. By attached affidavit, marked Exhibit `A', and incorporated herein by reference, petitioner shows unto the Court:
"A. She is the mother and next of kin of the deceased, David J. Klipple.
"B. That she first learned on October 17, 1956, that an administrator had been appointed in Florida for her deceased son, David J. Klipple, not having received any notice concerning an appointment of an executor or administrator in Florida for the deceased, David J. Klipple, prior thereto.
"C. That her deceased son, David J. Klipple, was at the time of his death a resident of the State of Michigan.
"D. That at the time of his death David J. Klipple had no property in the State of Florida.
"II. By attached affidavit marked Exhibit `B', and incorporated herein by reference, petitioner shows unto the Court:

*926 "A. That the Detroit Automobile Inter-Insurance Exchange insured the deceased David J. Klipple.
"B. That said Exchange issued a policy to the deceased in Detroit, Michigan, on March 24, 1953, for one year, to expire on March 24, 1954.
"C. That said insurer is organized and exists under the laws of the State of Michigan; is authorized to do business and does business only in the State of Michigan; and is not authorized to do business and does not do business in the State of Florida.
"Wherefore, the deceased David J. Klipple being a non-resident of the State of Florida, having died outside the State of Florida, and being at the time of his death not possessed of any goods, chattels or lands in any County of this State, the appointment of an administrator and the issuance of letters of administration was without authority of law or jurisdiction in the County Judge's Court of Dade County, Florida, and said order appointing administrator and the letters of administration issued herein should be formally revoked of record."
The facts recited in that petition were supported and verified by affidavits attached thereto. The petition to revoke the appointment was denied by the county judge's court by order dated February 7, 1957. That order was appealed to the circuit court, which affirmed without opinion on June 10, 1957. This appeal is taken from the circuit court's order of affirmance.
The determinative question is whether there was jurisdiction under the Florida Probate Law to appoint the administrator in Dade County, Florida, in the circumstances recited.
The applicable provision of that law is as follows:
"732.06 Venue of probate proceedings

"The venue of probate of all wills and granting of letters of administration shall be:
"(1) In the county in this state where the decedent had his domicile.
"(2) If the decedent had no domicile in this state, then in any county in which the decedent was possessed of any property.
"(3) If the decedent had no domicile in this state and was possessed of no property in this state, then in the county where any debtor of the decedent resides.
"(4) For the purpose of this section a married woman whose husband is an alien or a nonresident of Florida may establish or designate a separate domicile in this state."
The orders involved do not recite the theory or basis on which the county judge's court held in favor of local venue, but the petition for appointment disclosed that the contingent liability insurance contract was relied on as the local property or estate of the decedent.
Thus the appellee contends that venue was provided for by subsection 2 of section 732.06, F.S.A., reading, "If the decedent had no domicile in this state, then in any county in which the decedent was possessed of any property."
The other provisions of the statute are not applicable. Subsection 1 must be ruled out because the decedent was not domiciled in Dade County. Subsection 3 likewise is ruled out because the "debtor" of the decedent does not reside in Dade County. The debtor would be the decedent's indemnity or liability insurer, which was a corporation resident in the State of Michigan and not authorized to do business in the State of Florida. Sub-paragraph 4 clearly is inapplicable on the facts.
We return then, to the question of whether venue was shown to exist under sub-paragraph 2 of the statute.
*927 The contingent liability on the decedent's automobile indemnity insurance policy may properly be classed as property. The question is whether the property was located or "possessed" in Dade County, Florida, or elsewhere. On this point the appellee cites a number of cases approving administrator appointments made at the place where such law actions were pending, although the defendants in such actions were nonresidents. Furst v. Brady, 375 Ill. 425, 31 N.E.2d 606, 133 A.L.R. 558; In re Fagin's Estate, 246 Iowa 496, 66 N.W.2d 920; Gordon v. Shea, 300 Mass. 95, 14 N.E.2d 105; Robinson v. Dana's Estate, 87 N.H. 114, 174 A. 772, 94 A.L.R. 1437.
However, in each of those cases the nonresident insurance carrier was a corporation authorized to do business in the state in which the application for the administrator was made. As pointed out in the Massachusetts case, that was the determining factor as it resulted in amenability of the insurance carrier to process in the state and county of the application. See also Feil v. Dice, D.C.Idaho, 135 F. Supp. 851; Miller v. Stiff, 62 N.M. 383, 310 P.2d 1039.
Where, however, the nonresident insurance carrier is not authorized to do business in the state in question the liability insurance contract is not property possessed or having a situs in that state or county.
This distinction was clearly pointed out in the case of Liberty v. Kinney, 242 Iowa 656, 47 N.W.2d 835, where it was determined that if the nonresident insurer was not authorized and licensed to do business in the State of Iowa, an appointment of an administrator to substitute in the law action, where its only support would be the decedent's liability insurance contract, would be improper.
On the reasoning of the authorities cited above, we hold that where a defendant dies after an action has been brought against him in a state other than his domicile, growing out of an automobile accident in which he was involved, the fact that he held a liability indemnity insurance policy will not authorize appointment of an administrator at the place of the suit, under a statute granting venue for such an appointment in a county where a nonresident decedent "was possessed of any property", if the insurance carrier is a foreign corporation and not authorized to do business in that state.
The requirements of the venue statute, section 732.06, Fla. Stat., F.S.A., were not met, and the circuit court erred in affirming the order of the county judge's court denying the motion to revoke the prior appointment of the administrator.
The order appealed from is reversed and the cause is remanded for the entry of an order not inconsistent with this opinion.
Reversed.
HORTON and PEARSON, JJ., concur.