183 So.2d 715 (1966)
In re ESTATE of Claude Thomas BERNARD, Jr., Deceased.
Annie Belle POLLOCK, Booker T. Wilson, Doretha Grant and Josephus Pollock, Appellants,
v.
Claude T. BERNARD, Sr., As Administrator Ad Litem of the Estate of Claude Thomas Bernard, Jr., Deceased, Claude T. Bernard, Sr., and Ruby Ketron Bernard, and Tri-State Insurance Group, Appellees.
No. G-424.
District Court of Appeal of Florida. First District.
March 1, 1966.
Rehearing Denied March 28, 1966.
*716 Jack F. Wayman, Steven A. Werber and Glickstein, Crenshaw, Glickstein & Hulsey, Jacksonville, for appellants.
Cox, Grissett & Webb, Jacksonville, for appellees.
JOHNSON, Judge.
This is an appeal from an order of the County Judge of Duval County, denying a petition to have an order of said court previously made, declaring administration unnecessary of an estate to be a nullity and requesting an administration of said estate, and also disallowing certain claims against the estate in conjunction with the petition.
The facts, briefly stated are: Claude Thomas Bernard, Jr., age 24, was killed in an automobile accident on October 30, 1963. In this accident, the appellants, being occupants of the other car, were seriously injured. It appears, without dispute, that deceased was in the wrong in causing the accident. The deceased had an automobile liability insurance policy in the amounts of 10-20-5 which was in effect at the time of the accident.
Within some 7 or 8 days after the accident, on the advice and request of the adjuster for the company writing the insurance of the deceased, a petition for administration unnecessary was filed by the mother and father of the deceased, as the sole heirs at law of deceased. In the petition so filed, the assets listed were: checking account $33.41; equity in auto $400.00; watch $90.00; personal clothing and articles $400.00; refund due of automobile insurance premiums $102.27; account due from Art Longo Trio $20.00, for a total of $1045.68. Said petition further stated that said estate was not indebted, nor did its value exceed $5,000.00; that the petitioners were the sole heirs and had agreed upon the desired distribution of the estate. Pursuant to said petition, the County Judge entered his order on November 8, 1963 of administration unnecessary wherein he ordered distribution *717 of the estate to the petitioners jointly.
The automobile liability insurance policy was not listed as an asset of the estate.
Proof of publication of the notice of entry of said order of the County Judge was not filed with the County Judge until after one of the appellants had filed her petition to have an administrator appointed and the order of administration unnecessary declared a nullity. True, it was filed later the same day, which was about one year and three weeks after the first publication of the notice. The appellant Annie Belle Pollock, filed her petition in the County Judge's Court to have Claude T. Bernard, Sr., father of the deceased appointed administrator of the estate of his deceased son, or upon his refusal to serve, that a third party named be appointed administrator. Said petition alleged, inter alia, all that had transpired with respect to the filing of petition for and entry of order of administration unnecessary, and that proof of publication of notice of entry of said order had not been filed and that the appellant had a claim against said estate. This was filed December 9, 1964. On December 11, 1964, Annie Belle Pollock filed her claim against the estate for unliquidated damages arising out of the negligent operation of a motor vehicle by the decedent resulting in the injury to the claimant. On December 11, 1964, the other appellants filed similar claims against said estate, each alleging the amount of each claim to be in excess of $5,000.00. The last claim was filed on December 28, 1964. On December 28, 1964, three of the appellants filed their petition in County Judge's Court alleging the circumstances surrounding the accident which resulted in the death of Claude Thomas Bernard, Jr. on October 30, 1963, and the injuries to the appellants, said petition charging the deceased with negligent operation of his automobile as being the cause of the accident. Said petition, after alleging the damages sustained, also alleged that there was in existence at the time of the accident and therefore, became a part of the estate of the deceased, an automobile liability insurance policy; that said policy was an asset of said estate and had a probable value of $25,000.00 and that by reason of the value of said asset, and the fact of appellants' claim constituting debts against the estate, the order of administration unnecessary was a nullity and that an administrator should be appointed to administer this asset. It was also alleged, and later established by evidence, that the adjuster for the company writing the insurance policy in question, was the one that recommended the quick entry of petition for administration unnecessary, and also, that the attorneys for said insurance company were not acting as attorneys for the beneficiaries of said estate, but for the insurance company. In fact, Claude Thomas Bernard, Sr. in his testimony before the court frankly stated that he wanted the estate opened up and the policy administered, stating that his deceased son had paid a high price for the insurance for just such purpose as had arisen.
After testimony substantiating proximately the facts related above, the attorneys for the insurance company requested and were permitted to appear in said cause as amicus curiae. The court determined and so ordered that the insurance company was the real party in interest in this cause. Also, in his order, the court denied the petitions of the appellants to declare the order of administration unnecessary a nullity and to appoint an administrator and also disallowed the claims filed against said estate. In his reasoning for such order, the County Judge found and so held that the claims of the appellants were barred by Section 735.10, Florida Statutes, F.S.A., because they were not filed against the estate within six months of the first publication of notice of entry of the order of administration unnecessary.
The order of the County Judge did not touch upon nor determine whether the insurance policy was an asset or not, but in the course of the argument of counsel as *718 reported, the court stated that after reading the brief of appellants, he was convinced that the policy was an asset of the estate.
Section 735.10, Florida Statutes, F.S.A., reads as follows:
"(1) Those who shall have procured the entry of the order of administration unnecessary, or, any one or more of them may, at their election, publish a notice to all persons having claims or demands against the estate of the decedent, that an order of administration unnecessary has been entered by the county judge. Such notice shall specify the total cash value of the estate and the names and addresses of those to whom it has been assigned by such order. Such notice, if published, shall be published once a week for four consecutive weeks in a newspaper published in the county wherein such order was entered, and proof of publication of such notice shall be filed with the county judge.
"(2) If proof of publication of such notice is duly filed in the office of the county judge, all claims and demands of creditors against the estate of the decedent shall be forever barred unless such claims and demands are duly sworn to and filed in the office of the county judge within six months of the first publication of such notice."
While the claims were not filed within six months of the date of first publication referred to in the cited statute supra, we are of the opinion that this is not the controlling nor even a material factor in determining this case. If the insurance policy was an asset of the estate, as the court indicated it thought it was, and as this court finds it to be, then the question arises as to whether the County Judge had any authority to enter an order of administration unnecessary if a principal asset is omitted from the petition praying such order, when to list such asset would render the value of the estate beyond the limitation of $5,000.00 fixed by the statute as being the maximum size of the estate in which such order can be entered. The allegation is made in the petition that said policy had a probable value of $25,000.00. This was not refuted. The county judge being without authority to enter the order of administration unnecessary, such order became a nullity and being void ab initio, section 735.10, Florida Statutes, F.S.A., is not applicable, and the petition for appointment of an administrator should have been granted.
When it is made to appear to the county judge, that the value of the estate exceeds the statutory limitation in which administration may be dispensed with, he should require a due and full administration of the estate and an order of administration unnecessary entered by the judge under such circumstances is invalid. Laramore v. Laramore, Fla., 49 So.2d 517, 520.
In Florida we find in the case of In re Estate of Klipple, 101 So.2d 924, 67 A.L.R.2d 932 (DCA 3rd, 1958), that the court recognizes an automobile liability insurance policy as an asset of an estate. In this case such statement is mere dictum, but indicative of the court's thinking on this subject.
We do find in other jurisdictions that the courts of these jurisdictions have dealt with this item and have held such insurance policy to be such an asset as to justify a grant of administration. The Georgia Court of Appeals has dealt with this question directly in Berry v. Smith, 85 Ga. App. 710, 70 S.E.2d 62, 65, where we find this language:
"Ground 6 of Mrs. Berry's caveat contends that the policy of insurance is not an asset of the estate of the deceased, and the motion to dismiss filed by Mrs. Berry contends that there is no estate upon which an administration can be had. This presents a question upon which this court has not had the *719 occasion so pass upon, that is, whether the potential liability of the insurer to the estate, dependent upon the establishment of a claim by a third person against the estate, is an asset of the estate. The first case on this subject seems to be Robinson v. Dana's Estate, 87 N.H. 114, 174 A. 772, 94 A.L.R. 1437, where it was held that such liability by a liability insurer to an insured constitutes an asset of the insured justifying a grant of administration, although it is conditional upon the maintenance by the injured person of an action and establishment of a liability against the insured or his estate, and although ultimately it may prove not to be owing to the deceased or his estate. The later cases of Gordon v. Shea, 300 Mass. 95, 14 N.E.2d 105, Furst v. Brady, 375 Ill. 425, 31 N.E.2d 606, 133 A.L.R. 558, and In re Vilas' Estate, 166 Or. 115, 110 P.2d 940, followed this rule. The opinions in these cases seem to be sound. `For every right there shall be a remedy'. Code, § 3-105. In cases where there are no other assets, if this rule were not followed, no suit could be brought by the injured person against the insured's estate for lack of an administrator to be sued, and the insurance company would escape liability. The insurance policy is an asset of the estate justifying the appointment of an administrator."
Also, in Iowa, the court has held that an insurance policy is an asset of sufficient dignity to warrant the appointment of an administrator, In re Fagin's Estate, 246 Iowa 496, 66 N.W.2d 920, 924. In Iowa, however, such a policy is made an asset of the estate by statute, which is a strong indication that the same should be considered an asset.
Finding as we do, that the insurance policy is an asset of the estate and that if it had been included in the list of reported assets when application for administration unnecessary was made, that the County Judge would have been precluded from entering such order, and inasmuch as it is admitted that such policy does exist and should be administered, it becomes immaterial and irrelevant as to the purposes of the non-claim statutes or other statutes, except those pertaining to a full administration of said estate. To strengthen the soundness of this conclusion, the father of the deceased having expressed a desire to reopen the estate, we think the provisions of Section 735.10, Florida Statutes, can be waived by him because it is optional with him as to whether or not he publishes the notice after entry of the order of administration unnecessary. This is not the same as the statute of non-claim provided for in Section 733.16, which cannot be waived.
For the reasons stated, the order appealed is reversed and said cause remanded to the County Judge for further proceedings in accordance with the decision herein made.
WIGGINTON, Acting C.J., and STURGIS, J., concur.