SWANN, Judge.
This appeal is by the plaintiffs, Mudar-ri.
The following statement of the facts is taken from the brief of the appellants:
“The complaint alleged that the Plaintiffs [Mudarri] were injured in an automobile accident in Miami, Florida, as a result of the negligence of one Beryl Rose Gillespie.
On February 25, 1964, the said Beryl Rose Gillespie died intestate in Dade County, Florida. On March 11, 1964, the Defendant, David Gillespie, the father of the decedent and a resident of Scotland, filed in the County Judges’ Court in and for Dade County, Florida, a Petition for Order of Administration Unnecessary, and on the same date the Court entered its Order of Administration Unnecessary. The petition and order reflected that the said David Gillespie was the sole heir of the estate of his daughter. Copies of the petition and order were attached to the complaint. Among the assets of the estate, which were transferred to the Defendant, David Gillespie, were forty-five shares of stock of Wometco Enterprises, Inc., which stock was still outstanding in the name of David Gillespie.
At the time of the accident and at the time of her death, Beryl Rose Gillespie was the owner of a certain property interest in an automobile liability insurance policy issued by the Defendant, Security Mutual Insurance Company of New York, which policy covered the decedent’s liability for the Plaintiff’s personal injuries. Notwithstanding this, the Defendant, David Gillespie, failed and refused to include this asset in his Petition for Order of Administration Unnecessary.
It was further alleged that the Plaintiffs instituted two suits in the Circuit Court of Dade County, Florida against Beryl Rose Gillespie, under case No. 65L-1031 and No. 65L-1032, and that they learned of the death of the said Beryl Rose Gillespie when they attempted to serve process on her, and further learned of the entry of the Order of Administration Unnecessary.
They thereupon filed a petition in the County Judges’ Court to vacate the said order, on the grounds that the existence of the asset arising under the liability insurance policy had not been made known to the Court, and they prayed that the es *484 tate be administered in accordance with law so that they could subject the automobile liability insurance policy to their claims. On October 8, 1965, the County Judges’ Court denied the petition to vacate.
It was further alleged that under the provisions of § 735.09 F.S.A., the Defendant, David Gillespie, as the sole heir remained obligated to the Plaintiffs for the full amount of their claims up to the aggregate gross value of the estate of the decedent, and that the aggregate gross value consisted of the assets listed in the Petition for Administration Unnecessary, together with the limits of liability under the said insurance policy, which was alleged on information and belief to be $10,000 for injuries to any one person, and $20,000 for injuries to all persons arising out of one accident.
It was further alleged that the action was brought under the provisions of § 735.11 F.S.A. to impress a trust on all of the property of the decedent remaining in the hands of the Defendant, David Gillespie. It was specifically alleged that Wometco Enterprises was joined as a party to the action in order to impress the trust on the stock in the said corporation; and against the Defendant, Security Mutual Insurance Company, by reason of the fact that it was holding and in possession of the remaining assets of the trust, namely the liability and obligation under the said automobile liability insurance policy.
The plaintiffs prayed that the Court take jurisdiction of the matter, determine the amount of the Plaintiffs’ claim against the Estate of Beryl Rose Gillespie; that the Court impress a trust on the property of the decedent described in the complaint ; and for reasonable attorneys’ fees and for general relief.
Constructive service was had on the Defendant, David Gillespie, and personal service was had on the remaining Defendants. All of the defendants filed motions to dismiss on various grounds, none of which grounds involved jurisdiction of the subject matter of the action.
After hearing the motions to dismiss, the Court delivered an extensive ‘Oral Ruling of Court’ in which the Court concluded that the plaintiffs’ complaint was based and dependent upon the existence of a valid Order of Administration Unnecessary; that the Order of Administration Unnecessary was not only invalid but was a nullity, since the assets of the estate exceeded $5,000. The motions to dismiss were granted.”
This appeal was taken from the order dismissing the plaintiffs’ complaint filed in May, 1966, with prejudice.
The factual allegations of the complaint must be taken as true, at this point.
We affirm. It has been held that an automobile liability insurance policy is an asset of a decedent’s estate. In re Klipple’s Estate, Fla.App.1958, 101 So.2d 924, 67 A.L.R.2d 932.
An Order of Administration Unnecessary was also challenged in the case of In re Estate of Bernard, Fla.App.1966, 183 So.2d 715. There, the order was entered when there was in existence at the time of death, a policy of automobile liability insurance which was not listed as an asset of the estate. The policy limits were in excess of $5,000.
The court therein said:
“If the insurance policy was an asset of the estate, as the court indicated it thought it was, and as this court finds it to be, then the question arises as to whether the County Judge had any authority to enter an order of administration unnecessary if a principal asset is omitted from the petition praying such order, when to list such asset would render the value of the estate beyond the limitation of $5,000 fixed by the statute as being the maximum size of the estate in which such order can be entered. The *485 allegation is made in the petition that said policy had a probable value of $25,-000. This was not refuted. The county judge being without authority to enter the order of administration unnecessary, such order became a nullity and being void ab initio, section 735.10, Florida Statutes, F.S.A., is not applicable, and the petition for appointment of an administrator should have been granted.
When it is made to appear to the county judge, that the value of the estate exceeds the statutory limitation in which administration may be dispensed with, he should require a due and full administration of the estate and an order of administration unnecessary entered by the judge under such circumstances is invalid. Laramore v. Laramore, Fla., 49 So.2d 517, 520.” [Id. 183 So.2d 718.]
The plaintiffs herein sought to proceed under F.S. § 735.11, F.S.A. and contend that the trial court should have permitted them to do so.
The trial court reasoned that in order for it to have jurisdiction under Fla. Stat. § 735.11, F.S.A. there must be in existence a valid order of administration unnecessary. We agree. Fla.Stat. § 735.11, F.S.A. provides “rights and remedies of those affected by order of administration unnecessary.” Generally, an order which is a “nullity” and “void ab initio” will not support rights or remedies predicated upon such an order. The trial court ruling was proper, therefore.
It may be that there should be a due and full administration of this estate in the County Judges’ Court. See In re Estate of Bernard, supra. That question is not properly before us at this time, however, and we specifically refrain from ruling thereon.
Affirmed.