PEARSON, Judge
(dissenting).
I would hold that § 735.11 Fla.Stat., F.S. A. is a remedial statute to aid those who have been foreclosed by an improperly entered order of administration unnecessary and should be liberally construed to accomplish the legislative purpose. It would then follow that the unappealed order of the County Judge in which he refused to set aside the order for administration unnecessary is presumptively valid, and its alleged invalidity does not destroy the remedial purpose of the statute. The holding in In re Estate of Bernard, Fla.App.1966, 183 So.2d 715, that the County Judge’s order of administration unnecessary was nullity and void ab initio when directly attacked in the County Judge’s Court should not be held to render such an order void for all purposes. The use of this strict legal term in that case seems unnecessary to reach the result since the court decided only that the order should have been set aside on direct attack.
I am impressed also with the view that the general equity jurisdiction of the circuit court to impose a trust in order .to prevent an unjust legal result does not require a valid order of no administration unnecessary. Cf. Wadlington v. Edwards, Fla.1957, 92 So.2d 629.
I would reverse.