SPECTOR, District Court Judge.
We have for review by certiorari a decision of a District Court of Appeal, Mudarri v. Gillespie, 207 So.2d 482 (Fla.App.3d 1968), which allegedly conflicts with prior decisions of this court and other district courts of appeal on the same point of law. Florida Constitution, Article V, Section 4 (F.S.A.).
We must determine whether the rights and remedies provided by Section 735.11, Florida Statutes, F.S.A., in favor of claimants against an estate in which an order dispensing with administration has been entered are dependent upon the validity of the order of administration unnecessary.
The two statutes involved in this action are Sections 735.04(2) [1] and 735.11 (1), Flor *810 ida Statutes.[2] The former sets out the circumstances under which a county judge may enter an order dispensing with administration of an estate and the latter provides that any creditor of an estate affected by such order may timely file a bill in chancery to impress a trust upon all nonexempt property of a decedent remaining in the possession of the heirs.
The facts underlying the controversy between these parties are stated at length in the decision here being reviewed. For our purposes, it is sufficient to state that petitioners were injured in an automobile accident with respondent Gillespie’s daughter, Beryl Rose Gillespie, on or about February 21, 1962. Upon filing a negligence action alleging the fault of the said Miss Gillespie, petitioners learned that she had died on February 25, 1964, and that shortly thereafter, on March 12, 1964, an order for administration unnecessary had been entered in the County Judges Court in and for Dade County, Florida. The fact of Miss Gillespie’s death and subsequent disposition of her estate first came to petitioners’ attention when they were unsuccessful in attempting to effect service of process in the accident case. Upon learning of the entry of said order, the petitioners sought vacation thereof in the County Judge’s Court on the grounds that the petition for an order of administration unnecessary had not included an automobile liability policy as an asset of decedent’s estate and that the value of such policy caused the value of the subject estate to be greater than $5,000. Notwithstanding that it had earlier been held that an automobile liability insurance policy is an asset of a decedent’s estate in In re Klipple’s Estate, 101 So.2d 924, 67 A.L.R.2d 932 (Fla.App.1958), the county judge refused to vacate the order and rejected petitioners’ prayer for appointment of an administrator so that service of process might be had against the estate and the liability policy subjected to their claims.
Thereafter, petitioners filed this action in the Circuit Court of Dade County against the respondent Gillespie, who had petitioned for the order of administration unnecessary, seeking to impress a trust on all of the property of the decedent remaining in the hands of the heirs who took under the order of administration unnecessary entered March 12, 1964, by the county judge; said action was filed pursuant to Section 735.11, Florida Statutes, F.S.A., and the respondents, Wometco Enterprises, Inc., and Security Mutual Insurance Company of New York were joined as defendants by reason of their control and possession of assets belonging to the decedent. Although decedent’s forty-five shares of stock in Wometco were scheduled as assets in the petition for administration unnecessary, the liability policy issued by Security Mutual was not listed. The value of said policy was alleged to be $20,000; and, of course, had it been so listed, an order for administration unnecessary could not have *811 been entered by reason of the limitations found in Section 735.04 as to the circumstances in which administration of an estate may be dispensed with.
The trial court dismissed petitioners’ complaint invoking Section 735.11, Florida Statutes, F.S.A., for the stated reason that it had no jurisdiction since the county judge’s order dispensing with administration itself was a nullity. This conclusion was made by the trial court on the reasoning that the petitioners’ complaint showed on its face that the value of decedent’s estate was in excess of the five thousand dollars set forth in Section 735.04; and, therefore, the county judge had no authority to enter the order dispensing with administration of the decedent’s estate.
On appeal, the trial court’s order of dismissal was upheld by the Third District Court of Appeal. The appellate court rested its decision on the same rationale adopted by the trial court. The ratio decidendi of both courts is manifested in the following language taken from the decision under review:
“The trial court reasoned that in order for it to have jurisdiction under Fla. Stat. § 735.11 there must be in existence a valid order of administration unnecessary. We agree. Fla.Stat. § 735.11 provides ‘rights and remedies of those affected by order of administration unnecessary.’ Generally, an order which is a ‘nullity’ and ‘void ab initio’ will not support rights or remedies predicated upon such an order. The trial court ruling was proper, therefore.”
It is clear that both the trial court and the appellate court rested their decisions on In re Estate of Bernard, 183 So.2d 715 (Fla.App.1966). There the court decided that a county judge should have permitted the decedent’s estate to have been fully administered when it came to the court’s attention that at the time of death decedent possessed an automobile liability insurance policy with a probable value of $25,000. Prior to the application for such full administration which had been made by parties having claims against the decedent that would have been covered by the insurance policy, the parents of that decedent, at the request and advice of his liability carrier’s insurance adjuster, petitioned the county judge’s court for the entry of an order of administration unnecessary pursuant to Section 735.04, Florida Statutes, F.S.A. In the parents’ petition for such order, the existence of an insurance policy and decedent’s property interest therein was concealed; and only because of such omission, the order was entered. Thereafter, the petitioners published notice that an order for administration unnecessary had been entered. Under the provisions of Section 735.10, Florida Statutes, F.S.A., the publication of said notice barred all claims against the estate unless they were m.ade within six months. The county judge held that the claimants against the Bernard estate were not entitled to a full administration because their claims had not been filed within six months after notice by publication pursuant to Section 735.10. On review of that holding in the Bernard case, the First District Court of Appeal held that the running of the six month period after the first publication of notice did not bar the claim because the county judge had no authority to enter the order dispensing with administration when it became apparent that the value of the estate exceeded the statutory limit of $5,000; and, therefore, such order became a nullity and void ab initio. Thereupon, the matter was remanded to the county judge’s court for a full administration of the estate.
Petitioners here contend that although the court’s opinion in Bernard spoke of the county judge’s order dispensing with administration as being a nullity and void ab initio, such designation is of no moment and not controlling in the case at bar because this case, while dealing with a matter that is ostensibly similar, is postured differently procedurally than the Bernard case on which both courts below rested their decisions. We agree.
*812 The statutory remedy sought to be invoked by petitioners is an equitable remedy. It is apodictic that the administration of estates of decedents is a matter which is within the power of the legislature to prescribe. In the exercise of that power the legislature enacted Section 735.04, Florida Statutes, F.S.A., by which estates that appear to meet the requisites prescribed therein may devolve to the rightful persons without the expenditure of time and money ordinarily attending the full administration of estates having larger value or that involve the adjudication of claims of creditors as well as questions relating to the distributions of the assets. Provision for expediting qualified cases has been present in our statutes for almost a century. Chapter 3434, Section 1, Laws of 1883. Commenting on the utility of such statutes, one of Florida’s experienced probate judges, Honorable William C. Brook-er, has cautioned the bench and bar by observing that “Nevertheless, such proceedings should be resorted to with circumspection. Declaring administration unnecessary at best is a questionable substitute for administration.” 23 Florida Law Journal 341.
Section 735.11, Florida Statutes, makes provision whereunder creditors and claimants against estates which have been the subject of an order of administration unnecessary may bring an action in equity to impress a trust upon the property of the decedent remaining in the possession of the heirs, legatees, devisees and surviving spouse. By the enactment of the last cited statute, the legislature recognized that there would be instances in which orders dispensing with administration would be entered in circumstances which at the time of the entry would appear to meet the statutory requisites although in actuality later events, such as the discovery of additional assets or creditors or heirs, make it clear that administration of the particular estate should not have been dispensed with.
The obvious purpose of Section 735.11 is to permit all interested persons to attack an order of administration unnecessary within the time provided in Section 735.10, Florida Statutes, F.S.A.
We find it unnecessary to discuss each of the several alleged conflicts with prior decisions of this court or other district courts of appeal which have been advanced by petitioners. It is sufficient for jurisdictional purposes and a determination on the merits to observe that the decision here being reviewed is in direct conflict with the decision of the Court of Appeal, First District, in Martz v. Riskamm, 144 So.2d 83 (1962). In the Martz case, the plaintiff brought a suit in equity to set aside a fraudulently obtained divorce and to impress a trust upon property of the decedent in that case which had devolved pursuant to an order of administration unnecessary. The defendant in Martz had colluded with the decedent in fraudulently obtaining a divorce against his wife, the plaintiff. Thereafter, the defendant purported to marry the decedent and upon his death obtained an order of administration unnecessary as to his estate in the petition for which she represented herself to be the sole heir and that there were no claimants against the estate which she alleged was valued at less than the statutory $5,000. Upon a showing that the divorce was invalid because it was obtained by fraud, the chancellor in the Martz case set aside the divorce and held that the plaintiff was the lawful widow of the decedent. While much of the decision in the Martz case concerned itself with the invalidity of the divorce, the appellate court further affirmed an award of attorneys’ fees expressly upon the authority of Section 735.11, Florida Statutes, F.S.A., thus holding that the rights and remedies afforded by said statute were applicable without regard to the validity of the order of administration unnecessary.
In addition to being in conflict with the decision in Martz, supra, the decision here *813 in also conflicts with our decisions in Laramore v. Laramore, 49 So.2d 517, and 64 So. 2d 662. In the Laramore case, material facts about the value, heirs, and indebtedness of an estate had been concealed from the county judge. By reason of such concealment, the county judge, being of the view that the estate was one as to which administration could be dispensed with, entered an order of no administration necessary. Thereafter, heirs of the decedent took an appeal from the order entered by the county judge. Shortly thereafter, the heirs instituted an action in equity seeking a decree setting aside the order of administration unnecessary for the reason it was void and requiring the purported widow and others to account for the assets of the estate. The chancellor entered a decree granting the relief sought and we affirmed. While Section 735.11, Florida Statutes, F.S.A., is not expressly cited in our decision in Laramore, it is clear that the relief there sought and granted is the same as that provided for in Section 735.11. Hence, as in the Martz case, supra, the court in Laramore approved the equitable remedies provided for by the cited statute even though such equitable relief was preceded by a void order of administration unnecessary.
We think the decisions in the Martz and Laramore cases, supra, correctly permitted the rights and remedies afforded by Section 735.11 to be invoked notwithstanding that the estate did not meet the statutory requirements for the entry of an order of administration unnecessary. Had the failure to meet such requirements been made apparent to the county judge prior to his initial ruling, it is obvious that an order dispensing with administration would not have been entered.
A constructive trust is a remedial device designed to prevent frattd or unjust enrichment. The circumstances of this case require a holding that the equitable remedy afforded by Section 735.11, Florida Statutes, F.S.A., be made available to the petitioners herein. For the reasons stated, the decision here reviewed should be and it is hereby quashed.
ERVIN, C. J., and ROBERTS, DREW, THORNAL and CALDWELL (Retired), JJ., concur.

. F.S. § 735.04(2), F.S.A.
“When such testate or intestate died a resident or nonresident of this State and the estate is not indebted and does not, in the judgment of the county judge, exceed in the aggregate five thousand dollars in *810 value in this State, exclusive of property exempt under the constitution and statutes of the state, and there is sole heir or surviving spouse, or the surviving spouse, if any, and all the heirs agree upon the distribution of the estate, or in case the decedent died testate and the beneficiaries and the widow, if any, agree upon the distribution of the estate upon the probate of the will.”

. F.S. § 735.11(1), F.S.A.
“Any creditor or claimant against the estate of a decedent may by bill in chancery, filed at any time within three years from the death of the decedent, or within six months of the first publication of the notice of entry of the order of administration unnecessary, if same shall have been duly published and proof of publication filed, impress a trust upon all property of the decedent (exclusive of property exempt under the constitution and Statutes of Florida and exclusive of the widow’s exemption) remaining in the possession of the heirs, legatees, devisees and surviving spouse; require such parties to account for the value of all such property alienated, consumed, spent or donated by them, and have deficiency decrees to the extent of the undischarged liability of such parties, together with legal interest from the date of the filing of suit, and costs.”