## In re EVANS' ESTATE.

### No. 4317.

Court of Civil Appeals of Texas.

Nov. 8, 1945.

Fortenberry & Fortenberry, of Beaumont, for appellant.

R. E. Biggs, of Liberty, L. F. Chester, of Beaumont, E. E. Davis, of Dayton, for appellees.

COE, Chief Justice.

The appellees in this case filed in the county court of Jefferson County, Texas, an action to declare heirship in the estate of Frank K. Evans, deceased, wherein they alleged they were the heirs of Frank K. Evans, deceased, and as such were entitled to receive all of the property of the estate in the hands of the administrator of the es-

tate of Frank K. Evans, deceased, pending in the county court of Jefferson County, Texas. The appellant herein, Ethel Melton Evans, filed her petition in intervention in the action to declare heirship, alleging she was the surviving wife of Frank K. Evans, deceased, and that as such she was entitled to receive the property of the estate in the hands of the administrator. Appellees answered appellant's petition in intervention and among other pleas plead an order of the county court of Jefferson County, Texas, sitting in the matters of probate, dated the 16th day of January, 1937, denying the application of Ethel Melton, or letters of administration upon the estate of Frank K. Evans, deceased, as res adjudicata of appellant's petition in intervention. Appellees' plea of res adjudicata was overruled by the county judge of the county court of Jefferson County, Texas, sitting in probate matters, and a jury having been waived a trial was had upon the merits of the case, after which a judgment was entered adjudging Ethel Melton Evans to be the surviving wife and sole and only heir of Frank K. Evans, deceased, and as such entitled to all of the property of his estate. An appeal was taken by appellees to the district court for the 58th Judicial District of Texas at Beaumont. When the cause came on for hearing in the district court, the appellees again urged their plea of res adjudicata, which plea was sustained by the district court and said court entered its judgment decreeing that Ethel Melton Evans take nothing by her intervention, that she was not the wife of, and is not the surviving wife of Frank K. Evans, deceased; that she is not an heir of the said Frank K. Evans, deceased, and that she is not entitled to and shall not receive any of the property of the estate of Frank K. Evans, deceased, or any of the property, real, personal or mixed, of which the said Frank K. Evans, deceased, died possessed of or was entitled to, and adjudged all costs against the appellant, Ethel Melton Evans. From this judgment the appellant gave notice of appeal and the record is before us for our consideration.

This action was filed in accordance with and under the provisions of Articles 3590 to 3596, inclusive, of Vernon's Texas Civil Statutes, and is known as actions to declare heirship. Article 3590, supra, sets out the conditions under which such proceedings may be had; Article 3591 provides who may maintain such action and who shall be parties thereto, while Article 3594,

supra, provides for the character of judgment to be entered in such proceeding, and is as follows: "The judgment of the court in such cause shall declare the names and places of residence of the heirs of the decedent, and their respective shares and interests in the real and personal property of such decedent, and shall state in what respects, if any, the evidence presented upon such hearing failed to develop such issues, or any of them; and all issues in the cause which may be framed by the court, or under its direction shall be embodied in the judgment."

Article 3595, among other things, provides: "Such judgment shall have the force and effect of a final judgment of such court; and any party or parties to such cause may appeal from such judgment in like manner and under the same conditions as is or may be provided by law in other cases arising under the probate laws of this State."

The judgment of the district court in this cause in no way attempted to adjudicate or declare who are the heirs of Frank K. Evans, deceased, as provided for in Article 3594 but simply declared that the intervenor in such action was not an heir of Frank K. Evans, deceased, and therefore not entitled to receive any of the property of his estate. This being strictly a statutory proceeding, with the kind and character of judgment being prescribed by statute, we are of the opinion that the judgment entered in the district court is not such a final judgment as would give this court jurisdiction to entertain an appeal therefrom. For that reason this appeal is dismissed.