John Henry LACY, et al., Appellants,

v.

Webb B. LACY, et al., Appellees.

No. 12–94–00272–CV.

Court of Appeals of Texas,
Tyler.

Dec. 29, 1995.

Donald Ross Patterson, Tyler, for appellants.

James N. Phenix, Henderson, for appellees.

HOLCOMB, Justice.

This is a suit to determine heirship and for title to real property. John Henry Lacy, Janie Lacy and others, ("Appellants"), filed an application to determine the heirship of Lee Lacy and to determine the ownership of real property. In a non-jury trial, the court denied Appellants' claim to be declared the biological children of Lee Lacy. The court also dismissed, without prejudice, Appellants' petition claiming title and possession of real property because it did not have jurisdiction to decide those issues. In Appellants' first and fourth points of error, they contend the court erred when it did not correctly apply section 42(b) of the Probate Code to the facts of this case, and when it failed to find that they were the biological children of Lee Lacy. In their second and third points, Appellants contend that the court erred when it did not admit Plaintiffs' Exhibits 10 and 11 into evidence, and when it dismissed their trespass to try title claim. In their last point, Appellants challenge the sufficiency of the court's judgment under section 54 of the Probate Code. In response, Appellees assert six cross-points. We will affirm the judgment of the trial court.

On September 12, 1994, the County Court at Law entered a judgment declaring that Lee Lacy died intestate in 1949, and that all the real and personal property that he owned at the time of his death was accumulated during his marriage to Sally Kelly. According to the court's judgment, Lee Lacy was married three times. His first wife, Sally, died in 1915. They had seven children during the marriage, two of whom died in infancy. No children were born or adopted during Lacy's second and third marriages.

On March 4, 1988, Appellants filed an application to determine heirship of Lee Lacy. They contend that, prior to his marriage to Sally, Lee lived as husband and wife with Emma Granbury and had two children, John William Lacy and Janie Lacy. On April 29, 1993, the County Court at Law entered the following judgment denying Appellants' claim of heirship:

### JUDGMENT DENYING HEIRSHIP

On the 26th day of April, 1993, came on to be heard the above entitled and numbered proceeding to declare heirship. JOHN HENRY LACY appeared in person and by his attorney and announced ready for trial. COLUMBUS LACY, PALLIE MAE POLK, DAISY RETTIG and W.B. LACY (WEBB B. LACY) appeared in person and by and through their attorney, and all parties announced ready for trial.

No jury having been demanded, all matters of fact and controversy was submitted to the Court. After hearing the evidence and arguments of counsel, the Court is of the opinion and finds that the proof in every respect was insufficient and failed to be established by clear and convincing evidence and that the allegations of the application are not true.

The Court finds from the record introduced that the plaintiffs have failed to meet their burden of proof and that the Plaintiffs should take nothing by their suit.

It is accordingly ORDERED, ADJUDGED AND DECREED by the court that there is no necessity for the administration of LEE LACY, Deceased, that the petition to declare heirship of the Plaintiffs is in all things denied, and that the costs of court be taxed against the Plaintiffs for which let execution issue if the same is not timely paid.

It is further ORDERED that the pleas in abatement filed and presented by the Defendants prior to the commencement of the proceedings are in all things overruled, that the only issue tried before this Court was the issue to determine heirship, and that the issue of title and possession is untried in that it is found by this Court that it has no jurisdiction to try the issues of title and possession, and the petition claiming title and possession and cross-actions claiming title and possession are hereby dismissed without prejudice to the refiling thereof.

The court also entered findings of fact and conclusions of law, which read:

### FINDINGS OF FACT

1.  JOHN LACY and JANIE LACY were not the biological children of LEE LACY.

### CONCLUSIONS OF LAW

1.  Plaintiffs have failed to prove by clear and convincing evidence that JOHN LACY and JANIE LACY were the biological children of LEE LACY.
2.  This Court has no jurisdiction to try the issues of title and possession.

Shortly thereafter, Appellants filed an appeal with this court. On July 28, 1994, we dismissed the appeal and held that the judgment failed to adjudicate the heirship of Lee Lacy in compliance with section 54 of the Probate Code; therefore, there was no final appealable judgment. TEX.PROB.CODE ANN. § 54 (Vernon 1980); *In re Evans' Estate,* 191 S.W.2d 132 (Tex.Civ.App.—Beaumont 1945, no writ). On September 12, 1994, the trial court signed a new judgment, but no additional findings of fact and conclusions of law were requested by the parties or entered by the court.

In their first and fourth points, Appellants contend that the court erred when it did not correctly apply section 42(b) of the Probate Code to the facts of this case, and when it failed to find that they were the biological children of Lee Lacy. Section 42(b)(1) reads:

(b) **Paternal Inheritance.** (1) For the purpose of inheritance, a child is the child of his biological father if the child is born under circumstances described by Section 12.02, Family Code, is adjudicated to be the child of the father by court decree as provided by Chapter 13, Family Code, was adopted by his father, or if the father executed a statement of paternity as provided by Section 13.22, Family Code, or a like statement properly executed in another jurisdiction, that he and his issue shall inherit from his father and from his paternal kindred, both descendants, ascendants, and collaterals in all degrees, and they may inherit from him and his issue. A person claiming to be a biological child of the decedent, who is not otherwise presumed to be a child of the decedent, or claiming inheritance through a biological child of the decedent, who is not otherwise presumed to be a child of the decedent, may petition the probate court for a determination of right of inheritance. If the court finds by clear and convincing evidence that the purported father was the biological father of the child, the child is treated as any other child of the decedent for the purpose of inheritance and he and his issue may inherit from his paternal kindred, both descendants, ascendants, and collaterals in all degrees, and they may inherit from him and his issue. This section does not permit inheritance by a purported father of a child, whether recognized or not, if the purported father's parental rights have been terminated.

TEX.PROB.CODE ANN. § 42(b)(1) (Vernon 1996 Supp.).

Appellants argue that the court did not adequately consider the first method of establishing paternity set out in the statute under which an illegitimate child can inherit from his biological father if, before the child reaches the age of majority, the man receives the child into his home and openly holds out that he is the biological father. TEX.FAM. CODE ANN. § 12.02(a) (Vernon 1986). Thus, Appellants conclude that the court erred when it failed to find that they were the children of Lee Lacy.

Appellees argue that Appellants waived any complaint when they did not request additional findings of fact and conclusions of law in accordance with Rule 299 of the Rules of Civil Procedure. Rule 299 reads:

Rule 299. Omitted Findings.

When findings of fact are filed by the trial court they shall form the basis of the judgment upon all grounds of recovery and of defense embraced therein. *The judgment may not be supported upon appeal by a presumed finding upon any ground of recovery or defense, no element of which has been included in the findings of fact; but when one or more elements thereof have been found by the trial court, omitted unrequested elements, when supported by ev-*

*idence, will be supplied by presumption in support of the judgment.*

Tex.R.Civ.P. 299 (emphasis added).

■ Where no findings of fact or conclusions of law are requested or filed, the trial court's judgment implies all necessary findings in support of the judgment. *Goodyear Tire & Rubber Co. v. Jefferson Const. Co.,* 565 S.W.2d 916, 918 (Tex.1978). In reviewing the record to determine if any evidence supports, the judgment, we must only consider the evidence favorable to the issue, and we must disregard all evidence and inferences to the contrary. *Id.* Although the evidence is conflicting in this case, the court's findings were unchallenged; therefore, we are bound by its findings because there is some evidence to support them. *Project Engineering USA v. Gator Hawk,* 833 S.W.2d 716, 723 (Tex.App.—Houston [1st Dist.] 1992, no writ); *Belcher v. Belcher,* 808 S.W.2d 202, 206 (Tex.App.—El Paso 1991, no writ); *DeBenavides v. Warren,* 674 S.W.2d 353, 362 (Tex.App.—San Antonio 1984, writ ref'd n.r.e.).

■ After reviewing the record, we hold that the evidence is ample to support the judgment entered by the court. The most significant evidence to support the heirship of Lee Lacy is the testimony of his three living children, Columbus Lacy, Webb Lacy, and Daisy Mae Retting. All three of Lee Lacy's children confirmed that Appellants were the children of Rube Lacy and Emma Granbury, and were not the children of Lee Lacy. Numerous other witnesses gave similar testimony. Points of error one and four are overruled.

■ In points two and three, Appellants contend that the court erred when it did not admit into evidence Plaintiff's Exhibits 10 and 11. At trial, an employee of Dow Chemical named Neal Franklin had been assigned to investigate the heirship of Lee Lacy to determine the ownership of a lignite lease. Plaintiffs' Exhibit 10 is a copy of a report that Franklin had prepared for his employer, containing names of people who were known in the community to be Lee Lacy's heirs. Plaintiffs' Exhibit 11 is a letter that Mr. Franklin had written to Ms. Lena Lacy in

Los Angeles, California, which contained similar information. Ms. Lacy did not testify. Appellees objected that the exhibits were hearsay and should not be admitted into evidence.

Appellants argue that the documents were admissible because the evidence was relevant under Rule 402. Tex.R.Civ.Evid. 402. They also argue that the documents were admissible as an exception to the hearsay rule under Rule 803(19) as evidence concerning the reputation in the community regarding blood relationship, and as a "recorded recollection" under Rule 803(5). Tex.R.Civ.Evid. 803(19) and 803(5).

Appellees argue, however, that the documents contained self-serving declarations between Franklin and an unknown party; therefore, the documents did not fall within any exceptions to the hearsay rule. We agree.

■ A party seeking to introduce evidence as an exception to the rule against hearsay has the burden of clearly showing that the evidence constitutes the type of evidence to which the exception relates. *Roberts v. Allison,* 836 S.W.2d 185, 191 (Tex. App.—Tyler, 1992, writ denied) All hearsay exceptions require a showing of trustworthiness. *Robinson v. Harkins & Co.,* 711 S.W.2d 619, 621 (Tex.1986). A witness who testifies to reputation testifies to his generalized memory of a series of out-of-court statements. Hence, the trustworthiness of the information offered depends on the value of the veracity of the collective asserters of the information. Here, Plaintiffs' Exhibits 10 and 11 were offered to prove the truth of the matter asserted. See Tex.R.Civ.Evid. 803(19). We hold that the court properly excluded the exhibits as hearsay. Points two and three are overruled.

■ In point five, Appellants contend the court erred when it dismissed their claim for title and possession of real property. They argue that, because the county court at law had statutory jurisdiction to decide all matters that are "incident to the estate," it erred when it dismissed their claim. Tex.Prob. Code Ann. § 48 (Vernon 1980). Appellants further point out that "incident to the estate"

has been interpreted to mean the determination of heirship and all matters related to settlement, partition, and distribution of the estates of deceased persons. TEX.PROB.CODE ANN. § 5A(a) (Vernon 1980).

Appellees argue that no administration of the estate was pending in the county court at law; therefore, the court only had jurisdiction to determine heirship. We agree.

When a person dies intestate owning real property in Texas, the court of the county in which any of the real property is situated may hear proceedings to declare heirship. TEX.PROB.CODE ANN. § 48 (Vernon 1980). The county court at law in Rusk County is a statutory county court. TEX.GOV'T CODE ANN. § 25.2031 (Vernon 1988). A statutory probate court has original jurisdiction to hear all matters incident to the estate. TEX.PROB. CODE ANN. § 5(e). In this case, the court denied Appellants' claim for heirship and no administration was pending for Lee Lacy's estate. Therefore, the determination of title to real property was proper in the district court of Rusk County. TEX.GOV'T CODE ANN. § 26.043(8); *See Jones v. LaFargue,* 758 S.W.2d 320, 325 (Tex.App.—Houston [14th Dist.] 1988, writ denied). Point five is overruled.

■ In point six, Appellants challenge the sufficiency of the court's judgment under section 54 of the Probate Code, which reads:

"The judgment of the court in a proceeding to declare heirship shall declare the names and places of residence of the heirs of the decedent and respective shares and interests in the real and personal property of such decedent. If the proof is in any respect deficient, the judgment shall so state."

TEX.PROB.CODE ANN. § 54.

The judgment that was entered on September 12, 1994 reads:

### JUDGMENT DECLARING HEIRSHIP

On the 26th day of April, 1993, came on to be heard the above entitled and numbered proceeding to declare heirship of LEE LACY, born December 13, 1874 and dying on October 19, 1949. It appearing to the court that all parties interested in the Estate of LEE LACY has been made parties to this suit and have appeared herein. The Court has jurisdiction of the subject matter and all persons and parties; that the evidence presented and admitted fully and satisfactorily proves each and every issue presented to the court; that the decedent, LEE LACY, died intestate and that the heirship of the decedent has been fully and satisfactorily proved as well as the identity of the nature of the decedents property as being the community property of the marriage of LEE LACY and SALLY KELLY LACY and the interest in shares of each of the heirs therein has been proved; and that no administration was necessary.

The Court finds and it is ordered by the Court that names and places of residence of the heirs of the decedent and their respective shares and interest in the real and personal property of the decedent are as follows:

LEE LACY was married three times. His first marriage was to SALLY KELLY LACY, who was born May 20, 1880 and died June 27, 1915. Born of issue to this marriage were seven children, with GEORGE LACY and ABNER LACY dying intestate in infancy. Five children were born who at the date of his death were sole heirs of his estate and inherited as of the date of his death on October 19, 1949 all of his real and personal property. All real and personal property owned by Lee Lacy at the time of his death was community property of the first marriage to SALLY KELLY LACY. His second marriage was to EVA LOU LACY in the year of 1916. No children were born of issue of this marriage and none adopted and the marriage ended in divorce in the year of 1936.

His third marriage was to SELINA MOORE LACY, and no children were born of issue or any adopted in the course of this marriage between SELINA MOORE LACY and LEE LACY; she predeceased LEE LACY.

At the time of his death he was survived by five and only five children born of issue to the first marriage and each of the five

children jointly and severally inherited all of the real and personal property of Lee Lacy as of the date of his death on Oct. 19, 1949, and their names, addresses and proportions are as follows, to wit:

(1) WEBB LACY, who was born March 24, 1902 and resides at Route 6, Box 770, Henderson, Texas 75652; a one-fifth undivided interest;

(2) IRENE LACY, who was born in 1906 and died intestate on April 25, 1991 without issue and without a husband; a one-fifth undivided interest;

(3) LEOLA ROLLINS died in 1940 intestate survived by two children, PALLIE MAE POLK and SALLY LEE ROLLINS, who died in 1950 with no children and no husband at the time of her death. The address of PALLIE MAE POLK is 2300 Jeorgia Way, Turlock, California 95382; one-fifth undivided interest;

(4) DAISY RETTIG, who was born June 13, 1913 and resides at Route 6, Box 778, Henderson, Texas 75652; one-fifth undivided interest;

(5) COLUMBUS LACY, who was born September 10, 1908 and resides at Route 6, Box 766, Henderson, Texas 75652; one-fifth undivided interest.

Each of the five surviving children or grandchildren of LEE LACY above mentioned were the sole five heirs of LEE LACY and inherited his real and personal property as of the date of his death.

No jury having been demanded, all matters of fact and controversy were submitted to the Court. After hearing the evidence and arguments of counsel, the Court is of the opinion and finds that the proof in every respect was sufficient to prove the heirship aforesaid by clear and convincing evidence.

The Court finds from the record introduced that the Plaintiffs have failed to meet their burden of proof, and the Court finds that JOHN HENRY LACY and JANIE COPELAND are not the heirs and biological children of LEE LACY, and therefore, having failed to meet their burden of proof, it is ORDERED that the Plaintiffs take nothing by their suit.

It is accordingly ORDERED, ADJUDGED AND DECREED by the Court that there is no necessity for the administration of the estate of LEE LACY, Deceased, that the petition to declare heirship of the Plaintiffs is in all things denied as aforesaid, and that the costs of court be taxed against the Plaintiffs, for which let execution issue if the same are not timely paid. The costs of appeal only shall be born equally by plaintiffs and defendants.

It is further ORDERED that the pleas in abatement filed and presented by the Defendants prior to the commencement of the proceedings are in all things overruled, that the only issue tried before this Court was the issue to determine heirship, and that the issue of title and possession is untried in that it is found by this Court that it has no jurisdiction to try the issues of title and possession, and the petition claiming title and possession and all cross-actions claiming title and possession are hereby dismissed without prejudice to the refiling thereof in District Court.

After reviewing the judgment of the trial court, we hold that it complies with section 54 of the Probate Code. Point six is overruled.

The judgment of the trial court is **affirmed.**