NO. 07-01-0420-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



APRIL 2, 2002


______________________________



ROLANDO DELEON
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 339th DISTRICT COURT OF HARRIS COUNTY;



NO. 843,703; HON. CAPRICE COSPER, PRESIDING


_______________________________



Before BOYD, C.J., QUINN and REAVIS, JJ.

 Rolando Deleon, appellant, appeals his conviction for possessing, with the intent
to deliver, 200 grams or more of a controlled substance, namely heroin. His sole issues
implicate the legal and factual sufficiency of the evidence underlying the jury's verdict of
guilty. That is, he argues that he was merely present at the transaction and presence
alone was insufficient to warrant conviction. (1) We affirm.


Standards of Review


 The applicable standards of review are well-settled and need not be reiterated. It
is sufficient to cite the litigants to Goodman v. State, 66 S.W.3d 283 (Tex. Crim. App.
2001) (describing the standard applicable to claims of factual insufficiency) and Clewis v.
State, 922 S.W.2d 196 (Tex. Crim. App. 1996) (describing the standard applicable to
claims of legal and factual insufficiency).

Application of Standard


 The case involved the sale of black tar heroin to an undercover police officer. 
Present at the scene were the officer and at least three other males. The officer testified
that he was directed by one of the individuals to a truck wherein sat another and appellant. 
When the officer approached the vehicle, appellant 1) told him that the substance was "in
the rear floorboard behind the driver's seat," 2) "pointed at it, turned, looked to the rear
floorboard and told [him] it was right there in the back," 3) told him that the contents of the
Tupperware container found behind the seat held heroin, 4) "described what the heroin
looked like and how much was in the bag," 5) "acknowledged that it was 15 ounces," and
6) "advised that the original . . . heroin packaging was inside the Tupperware container." 
 The foregoing constitutes some evidence upon which a rational jury could conclude
beyond reasonable doubt that appellant intentionally or knowingly possessed, with the
intent to deliver, a controlled substance or, at the very least, was a party to another's
intentional or knowing possession of a controlled substance with intent to deliver. (2) Thus,
the evidence is legally sufficient to support a finding of guilty. And, upon comparing that
evidence to the entire record, the finding was and is not so contrary to the great weight and
preponderance of the evidence to be clearly wrong. Thus, the verdict is also supported
by factually sufficient evidence.

 Accordingly, we overrule appellant's contentions and affirm the judgment.

 


 Brian Quinn

 Justice 



Do not publish.
1. Appellant does not dispute that the substance in question was heroin, a controlled substance, in an
amount of 200 grams or more. Nor does he dispute that a transfer of the substance was about to occur at
the time of his arrest. He merely posits that he was not involved in or a party to the occurrence. 
2. The jury charge given at the end of the guilt / innocense phase of the trial permitted the jurors to
find appellant guilty if he either possessed the drug with the requisite mens rea or was a party to
another's intentional or knowing possession of the drug with intent to deliver. See Tex. Pen. Code Ann.
§7.02(a)(2) (Vernon 1994) (stating that one is responsible for an offense committed by another if acting
with intent to promote or assist the offense, he solicits, encourages, directs, aids, or attempts to aid the
other person to commit the offense). 



nsel. The State has now filed a 
Motion to Abate Appeal and Remand for Hearing on Appellant’s Motion for New Trial and
Extend Time for Filing Brief. 
Law and Analysis
          When an accused presents a motion for new trial raising matters not determinable
from the record, which could entitle him to relief, the trial judge abuses his discretion in
failing to hold a hearing. King v. State, 29 S.W.3d 556, 569 (Tex.Crim.App. 2000). The
motion must, however, be supported by affidavit specifically showing the truth of the
grounds of attack. Id. However, the affidavit is not required to reflect every component
legally required to establish relief but the motion for new trial or affidavit must reflect that
reasonable grounds exist for holding that such relief could be granted. Jordan v. State,
883 S.W.2d 664, 665 (Tex.Crim.App. 1994).
          In this matter, appellant alleges that appellant’s counsel advised him to abscond. 
Further, appellant’s motion for new trial includes an affidavit from an individual who
allegedly witnessed a conversation between appellant and his counsel discussing the idea
of absconding prior to the verdict. If believed, this evidence, which would not be part of the
trial court’s record, could provide a basis for the relief requested by a motion for new trial
based on ineffective assistance of counsel. Additionally, the State agrees that appellant
has alleged matters not determinable from the record that could entitle appellant to a new
trial and, subsequently filed its motion to abate and remand for a hearing on the motion for
new trial. We agree that appellant’s appeal raises an issue involving factual questions that
should be addressed by the trial court. Tex. R. App. P. 44.4.
 
 
Conclusion
          Therefore, we now abate and remand this matter to the trial court for further
proceedings. On remand the court shall cause notice to be given and conduct a hearing
on appellant’s motion for new trial to determine whether appellant was deprived of effective
assistance of counsel as alleged in appellant’s motion for new trial filed on May 31, 2007.
After conducting the hearing, the trial court shall make and file findings of fact and
conclusions of law. The court shall cause to be prepared a supplemental clerk's record and
reporter's record of the hearing. The supplemental records shall be filed in this court by
April 30, 2008. Accordingly, the State’s motion will also be granted. We will postpone
submission of the case and will modify the time to file briefs once the trial court has held
the ordered hearing and the supplemental records have been received. Tex. R. App. P.
38.6(d).
 
 Per Curiam

 
 
 
Do not publish.