NO. 07-01-0420-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 2, 2002

_____

ROLANDO DELEON,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_____

FROM THE 339th DISTRICT COURT OF HARRIS COUNTY;

NO. 843,703; HON. CAPRICE COSPER, PRESIDING

_____

Before BOYD, C.J., QUINN and REAVIS, JJ.

Rolando Deleon, appellant, appeals his conviction for possessing, with the intent to deliver, 200 grams or more of a controlled substance, namely heroin. His sole issues implicate the legal and factual sufficiency of the evidence underlying the jury's verdict of guilty. That is, he argues that he was merely present at the transaction and presence alone was insufficient to warrant conviction.[1] We affirm.

_____

[1]Appellant does not dispute that the substance in question was heroin, a controlled substance, in an amount of 200 grams or more. Nor does he dispute that a transfer of the substance was about to occur at the time of his arrest. He merely posits that he was not involved in or a party to the occurrence.

### *Standards of Review*

The applicable standards of review are well-settled and need not be reiterated. It is sufficient to cite the litigants to *Goodman v. State*, 66 S.W.3d 283 (Tex. Crim. App. 2001) (describing the standard applicable to claims of factual insufficiency) and *Clewis v. State*, 922 S.W.2d 196 (Tex. Crim. App. 1996) (describing the standard applicable to claims of legal and factual insufficiency).

### *Application of Standard*

The case involved the sale of black tar heroin to an undercover police officer. Present at the scene were the officer and at least three other males. The officer testified that he was directed by one of the individuals to a truck wherein sat another and appellant. When the officer approached the vehicle, appellant 1) told him that the substance was "in the rear floorboard behind the driver's seat," 2) "pointed at it, turned, looked to the rear floorboard and told [him] it was right there in the back," 3) told him that the contents of the Tupperware container found behind the seat held heroin, 4) "described what the heroin looked like and how much was in the bag," 5) "acknowledged that it was 15 ounces," and 6) "advised that the original . . . heroin packaging was inside the Tupperware container."

The foregoing constitutes some evidence upon which a rational jury could conclude beyond reasonable doubt that appellant intentionally or knowingly possessed, with the intent to deliver, a controlled substance or, at the very least, was a party to another's intentional or knowing possession of a controlled substance with intent to deliver.[2] Thus,

---

[2]The jury charge given at the end of the guilt / innocense phase of the trial permitted the jurors to find appellant guilty if he either possessed the drug with the requisite *mens rea* or was a party to another's intentional or knowing possession of the drug with intent to deliver. *See* TEX. PEN. CODE ANN. §7.02(a)(2) (Vernon 1994) (stating that one is responsible for an offense committed by another if acting with intent to promote or assist the offense, he solicits, encourages, directs, aids, or attempts to aid the

3

the evidence is legally sufficient to support a finding of guilty. And, upon comparing that evidence to the entire record, the finding was and is not so contrary to the great weight and preponderance of the evidence to be clearly wrong. Thus, the verdict is also supported by factually sufficient evidence.

Accordingly, we overrule appellant's contentions and affirm the judgment.

Brian Quinn
Justice

Do not publish.

---

other person to commit the offense).